## Breeden v. Western & Southern Life Insurance Co.

(Decided May 21, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Insurance, Life—Application Not Made Part of Policy.—An application not made part of a policy of life insurance cannot be considered in determining who is the beneficiary under it.
2. Insurance, Life—Divorced Wife Cannot Sue Upon Policy of Former Husband.—A divorced wife cannot sue upon a policy upon the life of her former husband taken out before the divorce. Where the policy provides it may be paid to the personal representative, husband or wife, or blood relations of the insured.

STANLEY R. WOLF, HARRY W. ROBINSON for appellant.

DURELLE & FLEECE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Anna Breeden brought this suit against the Western & Southern Life Insurance Company to recover $510, on a policy insuring the life of William E. Breeden. The policy is in these words:

"The Western & Southern Life Insurance Company of Cincinnati, Ohio, hereby insures the life of the person designated in the following schedule and promises to pay the sum of money stipulated in said schedule subject to the conditions and privileges contained on this and the succeeding pages hereof and which constitute a part of this contract."

Here follows the schedule. One of the conditions on the succeeding page, is in these words:

"It is furthermore expressly provided and agreed, that the production by the company, of this policy, and of a receipt for the sum paid, signed by the person furnishing proof satisfactory to the company that he or she is an executor or administrator, husband or wife, or relative by blood, or lawful beneficiary of the insured, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expenses or obligation on behalf of the insured, or for his or her burial, shall be conclusive evidence that such sum has been paid to and received by the persons lawfully entitled to the same, and that all claims and

demands upon said company under this policy have been fully satisfied.''

The policy was issued on August 29, 1910. At that time Anna Breeden and William Breeden were husband and wife. On September 8, 1910, William E. Breeden sued Anna Breeden for a divorce on the ground of continued abandonment of one year's duration. She made no defense to the action, and on November 7, 1910, an absolute divorce was adjudged him. After this he died on May 9, 1911, and she brought this suit to recover on the policy alleging in her petition that she had paid the dues which were thirty cents a week; that she was designated in the application as the beneficiary, and that the policy was taken out with the consent of William Breeden. The circuit court sustained a demurrer to her petition and, she declining to plead further, dismissed her action.

The application not being incorporated in the policy or shown by it in any way, cannot be considered. This was expressly held in Western & Southern Life Insurance Co. v. Galvin, 24 R., 444. The policy in that case was in the same form as the one before us, and in deciding who might recover on such a policy, the court said:

''In the absence of a named beneficiary in the policy, and still adhering to the ruling that the application is no part of the policy unless a copy is returned therewith, we are of opinion that any one of the persons named in the clause quoted supra may recover on the policy by a proper showing of the relationship.''

We adhere to the rule there laid down, and it seems to us that under the terms of the policy the circuit court properly held that Anna Breeden showed no right to sue upon it. She is not the executor or administrator or wife or relative by blood or lawful beneficiary of the insured; nor does she show that she has incurred expense or obligation on behalf of the insured or for his burial. Her sole claim to the policy is based upon the idea that she was named as beneficiary in the application, but that cannot be considered for any purpose and when the application is left out of view, she states no facts showing that she has any right to demand the payment of the money by the company to her. If the company paid her the money, such payment would be no defense to an action by the proper party, to recover it from the company.

In the case of Green v. Green, 147 Ky., 608, an entirely different question was presented, and in that case the court expressly declined to pass on the rights of a divorced wife to recover on a policy like this.

In Leaf v. Leaf, 92 Ky., 166, the wife was named as the beneficiary in the certificate, and in a settlement between her and the husband, of their property rights, she was allowed to retain the insurance. The other claimants of the fund were persons who could not, under the rules of the order, be the beneficiaries. (Hopkins v. Hopkins, 92 Ky., 324.)

Judgment affirmed.