## The Standard Auto Insurance Association v. Neal.

(Decided June 12, 1923.)

### Appeal from McLean Circuit Court.

1. Insurance—Companies May Restrict Liability if Provisions are Not Unreasonable or Contrary to Public Policy.—Insurance companies may insert in their policies as many provisions restricting their liability as they deem proper, provided such provisions are not unreasonable or contrary to public policy.

2. Insurance—Policy Excluding Loss While Automobile was Driven Contrary to Law is Valid.—A provision in a policy insuring an automobile that the policy should not cover any loss happening while the automobile was being driven contrary to law tends to encourage the observance of law, is not unreasonable or contrary to public policy, and is valid.

3. Insurance—Unregistered Automobile Driven by Unlicensed Chauffeur is Driven Contrary to Law.—An automobile being driven on the highways without being licensed, contrary to Ky. Stats., sections

2739g-2, 2739g-22, and by an unregistered chauffeur, contrary to sections 2739g-1 (c), 2739g-15, is being driven under circumstances and by a person prohibited by law within an insurance policy excepting loss occurring while the automobile is being so driven, and therefore there can be no recovery under the policy, even though the unlawful act had no causal connection with the fire, so that it would not bar recovery in an action for tort.

JOE H. MILLER and NOAH C. BAINUM for appellant.

R. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On December 2, 1920, the Standard Auto Insurance Association issued to Larry E. Neal a policy insuring his automobile against loss or damage by fire, theft, etc., in the sum of $800.00. On December 6, 1920, the machine was destroyed by fire, and the company having declined to pay the loss, this action was brought to recover on the policy. From a verdict and judgment in favor of Neal for $800.00 the company appeals.

Appellant defended on the ground that in his application for the insurance Neal falsely stated that the purchase price of the automobile was $1,200.00, when, as a matter of fact, it was much less than that sum, and on the further ground that at the time of the accident the machine was being operated contrary to law.

The question of fraudulent representations was submitted to the jury, and we are not prepared to say that its finding was flagrantly against the evidence.

The contract contains the following provision:

"This contract was issued by the association subject to the following conditions, limitations and agreements, which are a part of the contract, and to which the subscriber, by acceptance of this contract, agrees."

Under the head of "Conditions, Agreements and Limitations" is section 4 of the contract, which in part is as follows:

"This contract does not cover loss or damage when the automobile herein described is being used or maintained under the following conditions: (a) While being operated or manipulated in any race or speed contest; (b) while driven by any person prohibited by law from driving an automobile or any person intoxicated or under sixteen years of age; (c) while rented, loaned or leased; or while the automobile is carrying passengers for hire;

(d) while being driven or operated by any person other than the subscriber, a member of his immediate family or by his paid driver; (e) loss or damage purposely inflicted by the subscriber or any one at his request; (f) while the automobile is being driven contrary to law."

Section 2739g-1, Kentucky Statutes, is as follows:

"Whenever and wherever the word 'chauffeur' is used herein, it shall mean a person whose business or occupation, in whole or in part, is the operation of an automobile for compensation, wages or hire."

Section 2739g-15 is as follows:

2. "Before any chauffeur shall operate or drive an automobile upon any public highway in this Commonwealth, and before any person, firm or corporation shall employ any chauffeur as defined under this act, said chauffeur shall register with the commission through the clerk in the county in which he resides or intends to operate as such."

Section 2739g-2 contains the following provision:

"Before the owner of an automobile shall operate, or be permitted to operate same, or shall permit the operation of same upon any public highway, such owner shall register with the commission, through the clerk in the county in which he resides, or in the county in which the automobile is to be operated."

Section 2739g-22 contains the following provision:

"No person shall use, display or keep registration plates, badges or receipts that do not belong, or have not been issued, to such person."

Subsections (a) and (b), section 2739g-65 provide penalties for the violation of the foregoing provisions.

In paragraph 2 of its original answer the company pleaded in substance that at the time the automobile was destroyed by fire, it was being driven contrary to law, in that the chauffeur in charge and operating same, namely, Leslie Wilson, was driving said automobile upon a public highway in the state of Kentucky, and was operating same as a part of his occupation and for compensation, and that he had never procured a license to act as chauffeur, or complied with the laws regarding registration and licensing of chauffeurs; and that the plaintiff himself had not registered said automobile, or made application for the registration of same with the tax commission of the state of Kentucky, or with the clerk of the McLean county court. In an amended an-

swer the company also pleaded that at the time of the destruction of the automobile.it was being driven contrary to law, in that plaintiff was using and displayed upon the automobile a registration plate that did not belong to him, and had never been issued to him, and that the registration plate which he did display was issued to T. C. Willis, and was never transferred to him. Upon demurrer the foregoing defenses were held insufficient, and all evidence on the questions was excluded from the consideration of the jury.  The company insists that this was error, while appellee contends that inasmuch as the alleged violations of law in no wise contributed to the destruction of the automobile, such violations constituted no defense.. It is true that in Moore v. Hart, 171 Ky. 725, 188 S. W. 861, we held that, although the owner of a motor passenger truck operated for hire failed to register his machine and employed an unlicensed chauffeur, his failure to comply with the statute did not preclude him from recovery for injuries due to a rear end collision, caused by the defendant's negligent driving, where such failure in no way contributed to the injury.  There is a wide difference, however, between an action for tort and an action on a contract. Even insurance companies may insert in their policies as many provisions restricting their liability as they deem proper, provided such provisions are not unreasonable or contrary to public policy.  This principle was applied in Spring Garden Ins. Co. v. Imperial Tobacco Co. of Kentucky, 132 Ky. 7, 116 S. W. 234, 20 L. R. A. (N. S.) 277, 136 A. S. R. 164, where a provision of the policy exempting the company from liability for destruction of the insured property by fire as the result of a riot was held valid.  In the more recent case of Fidelity & Casualty Co. of New York v. Palmer Hotel Co., 179 Ky. 523, 200 S. W. 923, we held that under a policy indemnifying a hotel company against loss from liability for damages on account of bodily injuries suffered by any person while in the car of its elevator, but containing the provisions, ''This policy does not cover loss from liability for, or any suit based on, injuries or death suffered or caused by . . . (3) any person . . . in or about any elevator while operated by or in charge of any person under the age fixed by law for elevator attendants,'' the insurance company was not liable to indemnify the hotel company for damages paid to an elevator passenger

injured while the elevator was being operated by an employe under the age fixed by law, although the accident was due to a structural defect. As the policy in question was delivered to, and accepted by, appellee, it necessarily results that it is the full measure of appellant's liability, unless it can be said that the foregoing provisions exempting it from liability are unreasonable or contrary to public policy. In substance they merely provide that the policy does not cover any loss or damage occurring while the machine insured is being driven under circumstances, or in a manner, or by a person prohibited by law. The natural effect of such provisions is to encourage the observance of the law, and that being true, there is no basis whatever for the contention that they are unreasonable or contrary to public policy. According to the allegations of the answer and amended answer, the machine, at the time of its destruction by fire, was being driven by an unlicensed chauffeur, was not registered as required by the statute, and the registration plates thereon neither belonged to nor had been issued to appellee. If these allegations be true, the machine was destroyed by fire while it was being driven under circumstances and by a person prohibited by law, and therefore at a time when the loss or damage was not covered by the policy. We are therefore of the opinion that the demurrers to paragraph 2 of the original answer and to the amended answer were improperly sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.