# Glens Falls Insurance Company v. W. K. Elliott and E. L. Stepp, et al.

## National Fire Insurance Company v. Same.

(Decided October 19, 1926.)

## Appeals from Pike Circuit Court.

1. Insurance.—Any provision may be inserted in policy restricting liability which is not unreasonable or contrary to public policy.
2. Insurance.—Provision that insurer would not be liable for loss of lumber by fire, if there was not clear space of 100 feet between it and mill, held not against public policy, where insured obtained reduction of premium.
3. Insurance.—Violation of provision that there should be clear space of 100 feet between insured lumber and mill suspends policy till original condition is restored, Ky. Stats., section 639, being inapplicable.
4. Insurance.—Where uncontradicted evidence shows such a substantial violation of condition in policy as to leave no room for an honest difference of opinion among ordinary sensible men, question is for court.
5. Insurance.—Clause in fire policy requiring clear space of 100 feet between insured lumber and mill held violated as matter of law at time of fire, where green lumber was piled in restricted area, it being immaterial that such lumber was only scorched.

HITE H. HUFFAKER, J. R. JOHNSON and KIRK, KIRK & WELLS for appellants.

A. F. CHILDERS and O. A. STUMP for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Bent Branch Lumber Company, a partnership then composed of A. S. Johnson, W. S. Taylor and James Bevins, owned and operated a saw mill and lumber yard located in Pike county. On May 7, 1923, the Glens Falls Insurance Company and the National Fire Insurance Company each issued to the Bent Branch Lumber Company a policy insuring the lumber in the yard in the sum of $2,500.00. After the policies were issued W. K. Elliott and E. L. Stepp purchased the property from the former owners. On September 7, 1923, they complied with section 199b-1, Kentucky Statutes, by filing the necessary statement entitling them to do business under an assumed name. After that they paid a portion of the premiums due on the policy. On December 11th follow-

ing, the property covered by the policies was destroyed by fire. The insurance companies declined to pay the loss and separate suits were brought to recover on the policies. A trial before a jury resulted in a verdict and judgment in each case for the full amount of the policies sued on. These appeals followed, and the cases having been consolidated will be considered in one opinion.

It is necessary to discuss only one of the grounds urged for reversal. Each of the policies contained the following provision:

> "It is made a condition of this insurance that a continuous clear space of not less than one hundred feet shall at all times hereafter be maintained between the property herein described and any woodworking and manufacturing establishment or dry kiln; and that said space shall not be used for handling or piling of lumber thereon for any purpose."

It also appears that the rate of insurance where lumber is piled within less than 100 feet of the mill is $7.00 per hundred instead of $1.75 a hundred as paid by appellees under the "clear space" clause. On the question whether the main portion of the lumber was stacked within 100 feet of the mill the evidence was conflicting and such as to make the question one for the jury. However, Elliott admits that between six and seven thousand feet of lumber, which he called green stuff, were piled within sixty or seventy-five feet of the mill, and that at the time of the fire this lumber had been there from six to eight weeks. There was other evidence that this pile of lumber was green and could not take fire by sparks from the mill. There was also evidence that the pile of lumber in question was within about 20 feet of the stacks in the yard, and did not catch fire, but that the ends of the pieces nearest the fire were scorched. Appellants insist that this was a plain violation of the "clear space" clause, and that they were entitled to a peremptory instruction. On the other hand, appellees insist that the piling of the lumber within the prohibited space could not defeat a recovery on the policy unless the hazard was increased, and this question was properly submitted to the jury. No question of misrepresentation, either in the application or the policy itself, is involved. Therefore, the case does not fall within section 639, Kentucky Statutes, which provides that "all statements or descriptions in any appli-

cation for a policy of insurance shall be deemed and held representations and not warranties; nor shall any misrepresentation, unless material or fraudulent, prevent a recovery on the policy.'' It is simply a case where the policy contains a provision that is made a condition of the insurance. It is the rule in this state that insurance companies may insert in their policies as many provisions restricting their liability as they deem proper, provided such provisions are not unreasonable or contrary to public policy. Standard Auto Insurance Association v. Neal, 199 Ky. 699, 251 S. W. 966. The rate without the ''clear space'' clause was $7.00, or four times as much as the rate with the ''clear space'' clause. In other words, the consideration was based on the character of the risk assumed, and the company had the right to stipulate in the policy that for the premium paid it would not assume any other or greater risk. It is at once apparent that the clause in question is altogether reasonable and does not offend the public policy of the state. That being true, there is no doubt of its validity.

Under our view of the law, a violation of a condition like the one in question does not avoid the policy, but merely suspends the contract while the forbidden condition is permitted by the assured to continue. If, during that time, the loss occurs, the insured is not liable. But, if before loss, and during the term of the policy, the original condition is restored, the liability of the insurer is likewise restored. North British Mer. Ins. Co. v. Union Stock Yards Co., 120 Ky. 465, 87 S. W. 285. Therefore, the only question to be determined is whether there was substantial violation of the clause in question. It may be conceded that where the evidence is conflicting, or the violation is of such an inconsequential character that reasonable minds might draw a different conclusion, the question is for the jury. North British Mer. Ins. Co. v. Union Stock Yards Co., *supra.* But where the uncontradicted evidence shows such a substantial violation of the condition as to leave no room for an honest difference of opinion among ordinarily sensible men, the question is for the court. This is not a case where two or three pieces of lumber were permitted to fall or lie within 100 feet of the mill. It is a case where the uncontradicted evidence shows that six or seven thousand feet of lumber were piled for a period of six or eight weeks within the prohibited space, and permitted to lie there at the time of

the fire. We are therefore constrained to hold as a matter of law that this was a substantial violation of the "clear space" clause, and that the contracts in question were not in force at the time the fire occurred. Lumber Underwriters of New York v. Rife, 237 U. S. 605, 59 L. ed. 1140; Michigan Shingle Co. v. London & Lancashire. F. Ins. Co. (Michigan), 51 N. W. 1111; Hartford Fire Ins. Co. v. Post (Court of Civil Appeals of Texas), 62 S. W. 140. In such case, it is wholly immaterial that the lumber piled within the restricted area was green and did not burn, but was only scorched. No question of waiver or estoppel being presented, it follows that appellants were each entitled to a peremptory instruction. Merchants' Ins. Co. v. New Mexico Lumber Co., 51 Pac. 174.

Wherefore, the judgment in each case is reversed and cause remanded for a new trial not inconsistent with this opinion.