## Jones' Administrator v. Prudential Insurance Company of America.

(Decided June 27, 1928.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Insurance.—Life insurance policy may contain reasonable conditions, limitations, and restrictions, fixing liability of insurer or exempting it therefrom, if they are free from ambiguity, unfairness, or fraud and not opposed to public policy.

2. Insurance.—Where life insurance policy contained facility of payment clause providing for payment to relative by blood or connection by marriage of insured, and insurer in good faith paid insurance to insured's wife, who had previously separated from husband and entered into written contract settling property rights, insured's administrator could not recover on policy, since clause enables insurer acting in good faith to exercise option in selecting a payee and protects it in so doing.

3. Insurance.—Payment of life insurance to relative by blood or connection by marriage with insured under facility of payment clause should be upheld unless it works an injustice upon an equitable claimant, or insurer otherwise fails to exercise its option in good faith.

W. W. DOWNING for appellant.

SAMUEL S. BLITZ for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In this action the administrator of the estate of Adam Jones sought a recovery from the Prudential Insurance Company of America of $500, the amount of a

policy in that company on the life of his decedent.  The policy contained the familiar facility of payment clause in these words:

"Immediately upon the receipt of the due proof of the death of the insured during the continuance of this policy, will pay at its home office, Newark, New Jersey, the amount of insurance herein specified, to the executors or administrators of the insured, unless payment be made under the provisions of the next succeeding paragraph.

"*Facility of Payment.*—It is understood and agreed that the company may make any payment or grant any nonforfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or if the insured be more than fifteen years of age at the date of this policy, for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

It was alleged in the petition that the company had assumed to act under this provision and had paid the amount of the policy to Anna A. Jones, wife of the deceased, but that such payment was unauthorized for the reason that decedent and his wife Anna had previously separated, and on the 29th of March, 1924, had entered into a written contract settling their property rights whereby for certain cash considerations then paid her the said Anna Jones released Adam Jones from any and all claims for maintenance and alimony and all claims against him growing out of their marriage relationship; the further allegation being that Anna A. Jones had incurred no expense growing out of the illness or burial of decedent, and that the company had notice of above settlement before paying her the proceeds of the policy. The court sustained a demurrer to the petition as amended, and the administrator has appealed.

It is uniformly held that an insurance policy may contain reasonable conditions, limitations, and restrictions fixing the liability of the insurer or exempting it therefrom, if they are free from ambiguity, unfairness, or fraud and not opposed to public policy. Spring Garden Insurance Company v. Imperial Tobacco Co., 132 Ky. 7, 116 S. W. 234, 20 L. R. A. (N. S.) 277, 136 Am. St. Rep. 164; Bahre v. Travelers' Protective Assurance Co., 211 Ky. 435, 277 S. W. 467; Niagara Fire Insurance Company v. Mullins, 218 Ky. 473, 291 S. W. 760; Glens Falls Insurance Company v. Elliott, 218 Ky. 327, 291 S. W. 705; Standard Auto Insurance Ass'n v. Neal, 199 Ky. 699, 251 S. W. 966, 35 A. L. R. 1468; Interstate Business Men's Association v. Atkinson, 165 Ky. 532, 177 S. W. 254, L. R. A. 1915E, 656; Met. Life Ins. Co. v. Walters, 215 Ky. 379, 285 S. W. 252. In line with this view, "facility of payment clauses" practically similar to the one here involved have been before this court frequently and uniformly upheld as being reasonable. See Western & Southern Life Insurance Co. v. Galvin, 68 S. W. 658, 24 Ky. Law Rep. 444; Breeden v. Western & Southern Insurance Co., 148 Ky. 488, 146 S. W. 1104; Metropolitan Life Ins. Co. v. Nelson, 170 Ky. 674, 186 S. W. 520, L. R. A. 1916F, 457, Ann. Cas. 1918B, 1182; Met. Life Insurance Company v. Hightower, 211 Ky. 36, 276 S. W. 1063, 44 A. L. R. 1158. See, also, Anno. note to Nelson case in L. R. A. 1916F, 457.

Plaintiff concedes the validity of the clause in question, but insists that inasmuch as the husband and wife had separated and had made an agreed settlement of their property rights and she had incurred no expense in the care and burial of her husband, that she was not equitably entitled to the proceeds of the policy, and the company could not close its eyes and blindly pay the proceeds of the policy to her, but should be required to consider the rights of the respective claimants and to determine this upon equitable principles. Considering this question it will be noted that the policy provides for payment to the personal representative, "unless payment be made under the provisions of the next paragraph," facility of payment clause; and that this clause expressly authorizes the company to make payment "to . . . (1) any relative by blood, or (2) connection by marriage with insured, or (3) to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense in behalf of the in-

sured or for his burial or if the insured be more than fifteen years of age at the date of this policy for any other purpose.'' Payment may be made to any of these parties at the option of the company, and his receipt is made conclusive evidence that the payee was entitled thereto. Indeed, while there is no priority fixed, it would seem from the above language that the personal representative is the last to be considered. The clause authorizes payment to either of the persons named and enables the company acting in good faith to exercise the option in selecting the payee and protects it in so doing. It thus facilitates payment, avoids litigation, and enables the insured to procure proper attention in his last illness and proper interment, by authorizing payment to those persons who are generally interested in procuring such services or to such persons as actually perform them, though it is broad enough to inure to persons who have incurred expense in behalf of the insured for other purposes. True, in this instance the husband and wife were separated and had made a settlement contract; but that contract made no reference to the insurance. The insured gave no notice to the company that he wanted any change in the policy contract. It does not appear that any divorce action was ever contemplated and the parties could have united and nullified the settlement contract at any time. This is an action by the administrator. It is not claimed that the deceased's estate was not ample to care for his burial expenses, and no one is claiming to have incurred expense in his behalf for this or for any other purpose, and it cannot be said that the company acted in bad faith in making payment to his wife.

It is said, however, that the company in exercising its option must act upon equitable principles and that a superior equity is in the administrator and that he should therefore recover, reliance being had on Zornow v. Prudential Insurance Company, 210 App. Div. 339, 206 N. Y. S. 92. In that case deceased had boarded with Mrs. Zornow but had incurred no indebtedness to her. She requested an undertaker to furnish a coffin and inter the body, telling him that deceased had certain insurance policies which would defray the expenses. The undertaker did this, relying on the policies in payment. Later Mrs. Zornow made out a claim in her own name, and checks were furnished her in payment. The company, however, required a receipt from the undertaker before delivering her the checks, and its agent accompanied Mrs. Zornow

to the undertaker's office, where in the latter's absence
Mrs. Zornow procured a receipt from his wife and the
company paid her the checks. Mrs. Zornow did not pay
the undertaker, and in fact he had never looked to her
for payment; hence she was in no respect a creditor of
the insured. The court held that she had no equitable
claim under the policy, and further stated:

"In thus permitting the insurer in a sense to
elect to whom it shall pay on the policy, the courts
will require, not only good faith on the part of the
insurer, but the exercise of sound judgment in
making payment to the proper claimant, in order
that no great injustice shall be done to the estate of
the decedent and to those having legitimate claims.
In other words, no freedom of arbitrary or capri-
cious choice is given the insurer, nor license to act
carelessly and without proper inquiry into the facts.
It may not act with such indifference that the funds
are diverted from the estate by payment to one who
has no legitimate claim upon them. In determining
who is the person 'equitably entitled' to receive pay-
ment, the insurer must be governed in making its
choice by equitable principles approximating at least
those recognized by the courts."

And as applied to the facts there presented so say
we. But it must be observed that by the terms of the
policy persons falling within the first two classes, supra,
are presumed to have an equity, while a person of the
third class must show that he was equitably entitled to
the fund by reason of having incurred expense in behalf
of or for the burial of the insured. Such rights depend
entirely on the equity of the claim, and naturally, in de-
ciding between claimants of that class, the insurer must
exercise a sound as well as an equitable discretion. But
not so where a person is a relative by blood or connection
by marriage with the insured. Such claims are not made
to depend upon their equities, but upon the relation of
the parties, and a payment to him should be upheld
unless it works an injustice upon an equitable claimant
or the company otherwise fails to exercise its option in
good faith.

Wherefore, perceiving no error, the judgment is af-
firmed.