MOGYOROS v. PRUDENTIAL INSURANCE CO. OF AMERICA.

1. INSURANCE—FACILITY OF PAYMENT CLAUSE IN INDUSTRIAL TYPE
POLICY—QUESTION OF LAW.

In action by widow of insured as administratrix of his estate,
the right of insurance company to raise defense of payment
to mother of insured under facility of payment clause in in-
dustrial type policy is a question of law which may be raised
on a motion to dismiss.

2. SAME—PAYMENT—DISCHARGE BY MOTHER.

Mother of insured under a so-called industrial type policy may
receive payment thereunder and discharge the same under
facility of payment clause authorizing payment to "relative
by blood" notwithstanding lack of consent of widow of in-
sured, then a minor.

3. APPEAL AND ERROR—MOTION TO DISMISS—INSURANCE.

Dismissal of action of assumpsit by widow of insured, admin-
istratrix of his estate, on industrial type policy containing
facility of payment clause, held, justified under record dis-
closing undisputed payment of insurance in full to mother of
insured.

Appeal from Wayne; Callender (Sherman D.), J.,
presiding. Submitted June 7, 1934. (Docket No. 65,
Calendar No. 37,874.) Decided October 1, 1934.

Assumpsit by Rose Mogyoros, administratrix of
the estate of Zigmond Mogyoros, deceased, against
Prudential Insurance Company of America, a New
Jersey corporation, for sums allegedly due on two
life insurance policies. Case dismissed. Plaintiff
appeals. Affirmed.

*Henry Stone,* for plaintiff.

*Emmons, Oren & Sleeper (Donald McGaffey,* of
counsel), for defendant.

North, J. Plaintiff is the widow and the administratrix of the estate of Zigmond Mogyoros who died April 4, 1930. Deceased was insured in defendant company under two policies totaling $758.61. On April 8th defendant paid the insurance in full to Klara Mogyoros, mother of deceased. At the time of Mogyoros' death the widow was a minor. There are also two children surviving deceased, the younger being a posthumous child. The widow as administratrix brought this suit to recover the amount of the insurance carried by deceased. Defendant made a motion to dismiss plaintiff's suit on the ground that "the claim or demand set forth in the plaintiff's pleading has been released." From the affidavit in support of the motion to dismiss it appears that these insurance policies were of the so-called "industrial type" and each contained a "facility of payment" clause which, omitting immaterial provisions, reads as follows:

"Facility of payment: It is understood and agreed that the said company may make any payment, or grant any nonforfeiture privilege provided for in this policy to any relative by blood or connection by marriage of the insured, * * * and the production by the company of receipt signed by any or either of said persons, or of other sufficient proof of such payment or grant of such privilege to any or either of them, shall be conclusive evidence that such payment or privilege has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been duly satisfied."

It further appears from the affidavit in support of the motion to dismiss, and is undenied in this record:

"That after the death of the said Zigmond Mogyoros, one Klara Mogyoros furnished to the defendant, through deponent's office, certain proofs of death of said Zigmond Mogyoros and the said Klara Mogyoros at the same time delivered to defendant's agents the said policies of insurance, the premium receipt books and the attending physician's certificate of death, etc., and made claim for the proceeds of the said insurance as a relative by blood of the said Zigmond Mogyoros, to-wit, as his mother."

Thereupon defendant paid the insurance to the mother of deceased and took from her a receipt therefor incident to her indorsement upon defendant's check by which the payment was made. It is upon this showing and evidently under the practice provided in Court Rule No. 18 (1933), that defendant moved the trial court to dismiss plaintiff's suit. At the hearing of the motion plaintiff filed a counter-affidavit in which she set forth that the payment of the insurance by defendant was "made without the consent of this deponent and against her will." And further:

"That the agent of said defendant knew the conditions and circumstances at the time the deponent's husband died; that this deponent was in ill health and unable to attend to her business, and that the insured was the father of minor child.

"Deponent further says that the funeral expenses of her husband, and other expenses were paid out of certain $1,100 death benefit paid by a fraternal lodge.

"Deponent further says that the defendant has disregarded her rights, and the rights of the two minor children, the survivors and the beneficiaries of Zigmond Mogyoros."

The trial court granted defendant's motion to dismiss and plaintiff's appeal presents the following question:

"Is a motion to dismiss the proper pleading to raise the defense that the insurance company had been discharged from any further liability by reason of the payment to Klara Mogyoros?"

The record discloses that there is no dispute of fact between these parties as to the controlling issue. Payment is admitted, at least not denied. The right of defendant to make such payment and assert the same as a discharge of or release from its contractual obligation is a question of law. Whether wisely or unwisely, deceased in his lifetime saw fit to enter into this contract of insurance with defendant. Plainly and specifically it provides that "payment" may be made to any blood relative or connection by marriage of the insured and thereby *all claims* under the policy shall have been "fully satisfied."

This contract in this particular is no different than A.'s promissory note payable to B or C. Payment by A to B is a satisfaction of the obligation and C may not be heard to complain. *Park* v. *Parker*, 216 Mass. 405 (103 N. E. 936). See, also, 8 C. J. p. 597, note 57, citing numerous cases.

"Where two or more persons are joint creditors, payment may ordinarily be made to any of them, even though some are minors, unless it is otherwise agreed by all the parties." 48 C. J. p. 590.

The policies in suit contained other contingent provisions as to payment "to any person appearing to said company to be equitably entitled to the same;" but these provisions are not here involved. When payment is made under such provisions, the

insurer must exercise caution and good faith. That issue was involved in *Sylvester* v. *Metropolitan Life Ins. Co.*, 255 Mich. 302. It is not presented in the instant case and therefore the cited decision is not controlling of the case before us on this appeal. As bearing upon this phase of the case, see *Jones' Administrator* v. *Prudential Ins. Co.*, 225 Ky. 238 (8 S. W. [2d] 412).

The order and judgment of the trial court granting defendant's motion to dismiss was justified by the record and is affirmed. Costs to appellee.

NELSON SHARPE, C. J. and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.