## ZABONICK *v.* RALSTON.

1. INSURANCE—POLICY CONSTRUED TO EFFECT INSURANCE.

   Automobile liability policy is to be construed in favor of insured to effect the insurance, and exceptions to the general liability provided are to be strictly construed against the insurer.

2. SAME—CONTRACTS—NATURE OF POLICY.

   Parties may make such a contract for insurance as they may see fit, provided it does not contravene any provisions of law.

3. SAME—OPERATOR'S LICENSES—AUTOMOBILE LIABILITY INSURANCE.

   Automobile liability policy providing that insurer should not be liable while automobile therein covered was operated by any person prohibited by law from driving an automobile *held*, not to cover loss insured incurred while driving car without an operator's license in violation of Act No. 91, Pub. Acts 1931.

4. GARNISHMENT—INSURANCE—AUTOMOBILES.

   Plaintiff, judgment creditor of insured, in garnishment proceedings against insured and insurer under an automobile liability policy may not recover from insurer unless at the time of service of the writ of garnishment the insured could have recovered from the insurer.

5. AUTOMOBLIES—STATUTES—OPERATOR'S LICENSE—INSURANCE.

   To require a person to secure an operator's license and meet certain requirements before driving an automobile is a regulation for the protection of life and property which may properly be made and to permit operator of a motor vehicle to recover from his liability insurer under policy relieving latter from such liability while car is operated by person prohibited from driving the automobile would tend to undermine protection afforded public generally (Act No. 91, Pub. Acts 1931).

6. INSURANCE—AUTOMOBILES—ESTOPPEL—GARNISHMENT.

   Evidence that automobile liability insurance salesman told insured he believed policy would cover insured while operating his automobile notwithstanding his operator's license had expired *held*, insufficient to constitute either waiver or estoppel

of insurer to raise defense in garnishment proceedings that automobile at time of accident was being operated by one prohibited by statute from doing so and thus relieve insurer from liability under the policy (Act No. 91, Pub. Acts 1931).

Appeal from Branch; Jacobs (Theo T.), J.  Submitted April 5, 1935.  (Docket Nos. 90, 91, Calendar Nos. 38,324, 38,325.)  Decided June 3, 1935.

Separate garnishment proceedings by Charles Zabonick and Mary Zabonick against Wayne Ralston, principal defendant, and Lincoln Mutual Casualty Company of Detroit, garnishee defendant. From judgments for plaintiffs, garnishee defendant appeals.  Reversed, without new trial.

*Cowell & Frankhauser,* for plaintiffs.

*Mark L. Rowley,* for garnishee defendant.

BUSHNELL, J.  This is an appeal from a judgment for plaintiffs in two garnishment actions which were submitted to the trial court on the following stipulation of facts:

"That the garnishee defendant, the Lincoln Mutual Casualty Company, a Michigan corporation, did issue to the principal defendant, Wayne Ralston, a certain policy of insurance, which is attached hereto and made a part hereof and marked Exhibit A; said policy of insurance being in full force and effect on November 10, 1933; that said policy contained a clause providing for insurance against public liability; limits, $5,000 for one person, $10,000 for one accident.

"That on the early morning of December 10, 1933, the principal defendant was involved in an automobile collision in which considerable damage was done to persons and property, and that as a result of

same, law suits were instituted by the above plaintiffs against the principal defendant resulting in judgments as follows:

Mary Zabonick, judgment $1,600, costs $83.90;
Charles Zabonick, judgment, $4,900, costs $83.90;
Butler, judgment, $100, costs, $10.

"That in said Exhibit A issued by the garnishee defendant to the said principal defendant there is a clause reading as follows:

" 'The company shall not be liable while any automobile herein covered is used, operated, manipulated or maintained by any person prohibited by law from driving the automobile.'

"That the garnishee defendant would be liable under said policy to the principal defendant for the amount of the above judgments and costs unless it is excused from liability by the provision in the policy hereinafter stated and the failure of insured to comply with same.

"It is further agreed between the parties that Wayne Ralston, the principal defendant, did not have a driver's license at the time of the accident, namely, December 10, 1933, and that he was therefore driving in violation of the statute having to do with the licensing of drivers and chauffeurs, such statute being known as Act No. 91, Pub. Acts 1931.

"That it is further agreed by and between the parties hereto that immediately upon receipt of notice of law suits by the garnishee defendant, that it then and there instructed the principal defendant that it would not be liable for the outcome of any law suit arising out of said collision by reason of the failure of the assured driver to have an operator's license, but that it would defend the suits which might be brought, such defense being its duty under the terms of the policy of insurance, Exhibit A.

"That thereafter suits were brought by the claimants above, and that the company, the garnishee defendant, did defend the actions at its own costs and expense.

"That the principal defendant, Wayne Ralston, did have a driver's license which expired about six months previous to the date of the collision, and that on December 8, 1933, two days previous to the accident, the principal defendant did have a discussion with the salesman and collector for the garnishee defendant herein and that the salesman and collector did agree to procure an application for renewal for the principal defendant and return it to the principal defendant upon his next visit to Union City, the principal defendant residing then in Union City and the salesman residing in Bronson, Michigan. * * *

"That having to do with the driver's license, the following discussion took place between the principal defendant and Mr. Shoup, the salesman for the company:

"*Q.* Was there anything said about the policy being in full force and effect?

"*A.* Yes, there was.

"*Q.* What did he say?

"*A.* Well, Shoup stated he did not know, but he believed that it would be. He said he never had any experience in anything like that, but he believed it would be in effect.

"*Q.* I take it at that time you knew under the terms of this policy of insurance you had to have a driver's license?

"*A.* Well, I knew I should have a driver's license, however, I did not know whether that voided the insurance or not."

Mr. Justice FEAD, speaking for the court in *Pawlicki* v. *Hollenbeck,* 250 Mich. 38, said:

"The policy is to be construed in favor of the assured to effect the insurance, and exceptions to the general liability provided are to be strictly construed against the insurer."

See cases therein cited. In the same opinion it was said:

"The policy was written, in large part to indemnify the assured against liability for injuries caused by negligence or so found on trial. Act No. 318, Pub. Acts 1927, details the regulations covering the operation of motor vehicles on highways. By ordinance, municipalities have added a multitude of rules. It may well be doubted whether an instance of negligent injury can be imagined in the operation of a motor vehicle on a highway which does not involve a violation of law. Under garnishee's present contention, the whole public liability phase of the policy, as well as property damage and some of the collision aspects, becomes practically a sham and the collection of premiums therefor a virtual fraud. Not only is such a construction inadmissible as furnishing no consideration for premiums, if another be possible (*Kangas* v. *New York Life Ins. Co.*, 223 Mich. 238), but the language and history of the policy show the insurer did not so intend it."

The situation presented in the instant case may be distinguished from that presented in the *Pawlicki Case,* in which we said:

"By its language, the clause providing nonliability in case of breach of law or ordinance is not general, but is stated as an exception, and, therefore, is confined to liability when the car is driven by certain permitted persons. It has no reference to liability when the owner himself is driving. *Ross* v. *Michigan Mutual Auto Ins. Co.*, 224 Mich. 263, relied on by counsel for garnishee, supports this construction."

As stated by Mr. Justice Wiest in *Jackson* v. *State Mutual Rodded Fire Ins. Co.*, 217 Mich. 301:

"It is axiomatic that parties may make such a contract for insurance as they may see fit provided the same does not contravene any provision of law."

In an action on an insurance contract containing a number of conditions, among which were "while the

automobile is being driven contrary to law," it was held:

"In substance they merely provide that the policy does not cover any loss or damage occurring while the machine insured is being driven under circumstances, or in a manner, or by a person, prohibited by law. The natural effect of such provisions is to encourage the observance of the law, and, that being true, there is no basis whatever for the contention that they are unreasonable or contrary to public policy." *Standard Auto Ins. Ass'n* v. *Neal,* 199 Ky. 699 (251 S. W. 966, 35 A. L. R. 1468).

See, also, 72 A. L. R. 1411.

Our attention has been directed to *McMahon* v. *Pearlman,* 242 Mass. 367 (136 N. E. 154), also reported in 23 A. L. R. 1467, with annotated cases at page 1472. The Massachusetts court arrived at the opposite result, but in that case the judgment creditor sought money provided for in a contract of insurance and the insurer did not urge that the unlawful conduct (driving without a license) was forbidden in express terms.

To require a person to secure an operator's license and meet certain requirements before driving an automobile, is a regulation for the protection of life and property, the wisdom of which can scarcely be questioned. The legislature has also provided that every three years such licenses expire and may be renewed under certain conditions. If one fails to comply with the regulation, the statute says, he or she shall not drive a motor vehicle upon the highway. Under the terms of the contract, while under such statutory prohibition, plaintiff could not recover under his policy. To permit such recovery, notwithstanding the lack of a driver's license, would tend

to undermine the protection afforded the public generally by virtue of Act No. 91, Pub. Acts 1931.

The test is whether defendant Ralston might have maintained an action against his insurer, *J. O. Nessen Lumber Co.* v. *Ray H. Bennett Lumber Co.*, 223 Mich. 349, for as we have just written in *Musser* v. *Ricks,* defendant, and *Preferred Auto Ins. Co.*, garnishee defendant, 271 Mich. 174,—

"Plaintiff's right to recover against the garnishee defendant is dependent upon the principal defendant's right to so recover."

In this garnishment proceeding plaintiff cannot prevail unless at the time the writ of garnishment was served defendant Ralston could have successfully prosecuted a suit on his insurance policy.

We have considered plaintiff's claim of waiver. The testimony quoted in the stipulation of facts does not constitute either waiver or estoppel.

The judgment is reversed, without a new trial. Costs to appellant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ. concurred.