JUAN SANTIAGO, Plaintiff and Appellee, *v.* CHESTER KROL, Defendant, and THE PORTO RICAN AND AMERICAN INSURANCE COMPANY, Defendant and Appellant.

Nos. 9785, 9788–91. Argued February 11, 1949.—Decided April 11, 1949.

---

*Córdova & González* and *Alberto Picó* for appellant. *José Veray Jr.* for appellees. *Héctor Reichard* for codefendant Krol.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

This suit involves five complaints to recover damages filed by Juan Santiago and four other persons [1] against Chester Krol and The Porto Rican and American Insurance

---

[1] By stipulation of the parties, the five cases were heard together in the lower court and only one transcript of the evidence was introduced for all the cases in the record sent to this Court.

Company, as his insurer. It is alleged that due to the negligence of co-defendant Chester Krol in driving his automobile on April 26, 1946, along the highway which leads to Quebradillas he caused injuries to plaintiffs.

The co-defendant The Porto Rican and American Ins. Co. answered the complaints and denied liability for the damages caused by Krol because the latter, at the time of the accident, was not legally authorized to drive motor vehicles on the highway of Puerto Rico and also because while driving the automobile he was intoxicated, thereby violating clause III of the insurance policy which provided:

"III—This policy does not cover . . . (4) while said automobile or automobiles are being . . . (d) driven by any person while intoxicated, or (e) driven by any person not legally authorized."

The defendant Krol denied the essential averments of the complaints.

At the trial the Porto Rican and American Ins. Co. did not assume the representation of codefendant Krol and appeared for the sole purpose of proving that it was not liable under the terms of the policy issued. The parties accepted as true the following facts:

(1) That the insurance policy contained an exclusion clause for accidents occurring while the automobile was being driven by a person not legally authorized.

(2) That Chester Krol had a license to drive motor vehicles in the State of Illinois, but that it had expired on May 1, 1942.

(3) That Chester Krol at the time of the accident was not legally authorized to drive motor vehicles on the highways of Puerto Rico.

(4) That the accident occurred on a public highway of Puerto Rico.

(5) That the Porto Rican and American Insurance Co. was not aware that Chester Krol did not have a license to drive automobiles in Puerto Rico until after the accident

and that then it undertook to return the premiums paid by him which he did not accept.

The plaintiffs and the defendants introduced evidence and the court rendered judgment ordering the defendants Chester Kroll and the Porto Rican and American Ins. Co. to pay different amounts of money plus attorney's fees for the damages caused to the five plaintiffs.

Feeling aggrieved by this judgment, the Porto Rican and American Ins. Co. took the present appeal in the five cases. The codefendant Chester Krol did not appeal.

 In its first assignment appellant maintains that the lower court erred in holding that the company was liable in this case notwithstanding the fact that the assured Chester Krol was not legally authorized to drive vehicles in Puerto Rico.

In the insurance contract the Porto Rican and American Ins. Co., in § III, *supra*, stipulated the conditions which would exclude liability and the assured accepted them. One of those conditions was to the effect that the automobile had to be driven by a person duly authorized by law. It appears from the stipulation of the facts, admitted as true by the parties at the trial, that the assured Chester Krol, at the time of the accident, was not legally authorized to drive his automobile on the highways of Puerto Rico, thereby violating the aforesaid condition of the insurance contract.

The general rule is that the absence of a condition of this sort in the insurance policy does not prevent the insurance company from being liable, but if the condition exists, the company is not liable for the damages caused. 6 Blashfield, Cyclopedia of Automobile Law and Practice, Part I, § 3947, pp. 634–637 (Permanent Edition), where it is said, on p. 636:

". . . Such a provision is not contrary to public policy, unreasonable or void, and under such a provision there can be no recovery when the accident occurred while the vehicle was being driven by an unlicensed driver, though the breach of such

provision was not a proximate cause of the accident, and though the law requiring a license became effective after the policy was issued."

And also:

". . . there is no liability where the driver's license had expired, regardless of whether the violation increased the hazard."

In *Giacomo* v. *State Farm Mut. Automobile Ins. Co.*, 280 N.W. 653 (Minn., 1938), under a policy which contained a clause similar to the one in the present case, it was held that the policy did not cover the accident because it occurred while the automobile was being operated by an unlicensed person. On p. 655 it said:

". . . The insurance policy defines the coverage. Except as limited by statute, the parties are free to agree upon such terms as they may determine. There are no statutory restrictions to prevent the parties from agreeing to an exclusion clause such as the one we have before us. The risks assumed may be defined both by terms of inclusion and exclusion. . . ."

And on page 656:

"No causal connection between the accident and the failure of the driver to have a driver's license need be shown. The exclusion is based on contract, which excludes this risk without regard to causal connection. Where, as here, the policy by its terms excludes a risk from the insurance, it is not necessary, to make the exclusion effective, to show causal connection between the loss and the excluded risk. . . ."

And lastly, on page 657:

"There is no reason for holding the exclusion to be unreasonable and void. Identical and similar exclusion clauses have been upheld in the cases which have been cited. The exclusion clause denies coverage to driving which the statutes prohibit. The policy merely adopted a distinction observed in the statutes. The legislature by statute declares the public policy of the state. Since the exclusion clause coincides with statutory prohibitions on driving, we cannot say that it is contrary to public policy or otherwise unreasonable. [Author-

ities.] On the contrary, by excluding from the coverage of the policy those whom the statute excludes from the right to drive, it might be urged that the insurance coverage conforms to the public policy of the state."

To the same effect as the preceding construction upholding the validity of clauses of that nature, see *State Farm Mutual Ins. Co. v. Belshe*, 112 S.W. 2d 954 (Ark. 1938); *State Farms Ins. Co. v. Coughram*, 303 U.S. 485 (1938); *Holland Supply Corp. v. State Farm Mut. A. Ins. Co.*, 186 S.E. 56 (Va., 1936); *Culley v. Farm Bureau Mut. Ins. Co.*, 69 N.E. 2d 19 (Ind., 1946); *Zabonick v. Ralston*, 261 N.W. 316 (Mich., 1935); *Crahan v. Automobile Underwriters*, 176 A. 817 (Pa., 1935); *Standard Auto Ins. Ass'n. v. Neal*, 251 S.W 966 (Ky., 1923); *Mondou v. Lincoln Mut. Casualty Co.* 278 N.W. 94 (Mich., 1938); *Universal Indemnity Ins. Co. v. North Shore D. Co.*, 100 F. 2d 618 (C.C.A. 7, 1938).

██ The lower court further held that the company had the means to ascertain, before issuing the policy, whether the assured had a license to drive motor vehicles in Puerto Rico, and that, by failing to make an investigation it waived the exclusion clause or was barred to allege the violation of the policy. We do not agree. There was no such waiver nor is the doctrine of estoppel proper. The policy constitutes a contract between the parties. The insurer limited its liability by requiring that the vehicle, in the event of an accident, be driven by a person authorized by law. The assured accepted said condition. The company did not have to investigate whether the assured or any other person who drove the vehicle had a license. It could rest on the presumption that the assured complied with the conditions imposed on him in the policy.

In *Zabonick v. Ralston, supra,* submitted on a stipulation, it was agreed that:

" '. . . upon receipt of notice of law suits by the garnishee defendant, . . . it then and there instructed the principal defendant that it would not be liable for the outcome of any law

suit arising out of said collision by reason of the failure of the assured driver to have an operator's license, . . .' "

It was further agreed:

" 'That the principal defendant, Wayne Ralston, did have a driver's license which expired about six months previous to the date of the collision, and that . . . two days previous to the accident the principal defendant did have a discussion with the salesman and collector for the garnishee defendant herein and that the salesman and collector did agree to procure an application for renewal . . . and return it to the principal defendant. . .' " [Then part of the conversation is copied.]

Notwithstanding these facts, the court held:

"We have considered plaintiff's claim of waiver. The testimony quoted in the stipulation of facts does not constitute either waiver or estoppel."

The quotation from 6 Blashfield, op. cit., § 3621, made by the trial court holds that when the insurance company or its agent has knowledge of facts which would render the policy void in its inception, it is presumed that it has waived the restrictions of the policy concerning those facts. Yet, in that same Section it is said:

"It is not sufficient to charge the insurer with notice of particular facts . . . that the insurer or its agent might have obtained the necessary information by an examination of the public records; the constructive notice afforded by that medium not being the sort contemplated within the above rule."

It was not incumbent on the insurance company in this case to investigate beforehand, at the time of or subsequent to the issuance of the policy whether the assured had complied with the law in not driving a vehicle on the highways of Puerto Rico unless legally authorized to do so. There is no showing that the company or its agent had knowledge of the fact that Krol had no license at the time the insurance contract was executed. It devolved on the latter to comply with said condition. The fact that during former years he

had been authorized to drive a vehicle in the State of Illinois, did not fulfill the conditions of the policy. *Universal Indemnity Ins. Co.* v. *North Shore D. Co., supra; Flannagan* v. *Provident Life & Accident Ins. Co.*, 22 F. 2d .136 (C.C.A. 4, 1927). Nor the fact that he was authorized to do so within the military zone, for the accident took place on a public highway.

And the presumption expressed by the lower court that Krol "was an experienced chauffeur in the operation of motor vehicles," has no legal force nor is the ruling of *People* v. *Pereira*, 49 P.R.R. 869, in point, insofar as it holds that the fact that the driver of a motor vehicle has no statutory license does not necessarily imply that he is liable for negligence on his part causing an accident, since the causal connection must exist. This case deals with the violation of the terms of a contract and the causal relation between the damage and the alleged negligence has nothing to do with the case. *Giacomo* v. *State Farm Mut. Automobile Ins. Co., supra; State Farm Mutual Ins. Co.* v. *Belshe, supra;* Cf. *Travelers Assn.* v. *Prinsen*, 291 U.S. 576 (C.C.A. 10, 1934).

Since the assured did not comply with the conditions of the policy with which he was bound to comply, the insurer is not liable, even if it became aware of the violation of the contract after the accident, *Santoni* v. *Porto Rican & American Ins. Co.*, 43 P.R.R. 412, and, therefore, the lower court erred [2] in granting the complaints in these cases so far as the insurance company is concerned.

The judgments must be reversed and the complaints dismissed insofar as they affect the codefendant The Porto Rican and American Insurance Company.

Mr. Chief Justice De Jesús did not participate herein.

---

[2] Since the first error was committed it is unnecessary for us to consider whether the court erred in deciding that Krol was not intoxicated at the time of the accident.