## Bahre v. Travelers' Protective Association of America.

(Decided November 24, 1925.)

### Appeal from Jefferson Circuit Court.

1. Insurance—Injury Not Result of "Accidental Means," where it is Direct Result of Ordinary Act Intentionally Engaged in.—An injury is not "result of accidental means" under accident insurance policy, where it is direct, though unexpected, result of an ordinary act in which insured intentionally engages.

2. Insurance—Testimony of Physician that Injury Might have Been Caused by Accident of Previous Infection Held Not to Warrant Recovery Under Accident Policy.—Under an accident insurance policy confining liability to cases where injury is caused by accidental means, independently of other causes, and is sole cause of disability, a verdict in favor of insured was not authorized by testimony of only one physician testifying that injury might have been caused by accident or as result of an infection which insured had years ago, for a jury is not permitted to speculate upon their veridct.

3. Insurance—Infection Caused by Bruise Not Compensable Under Policy Requiring Infection to Come from Open Wound, Visible to Naked Eye.—Where accident insurance policy provided that company should not be liable for injury resulting from infection unless infection was  introduced through an open wound caused by violent external means, and visible to the naked eye, if infection was introduced by means of bruise or traumatic injury, the injury not manifesting itself for over a week, there was no open wound visible to the naked eye, and injury would not be compensable.

4. Insurance—Parties May Put Such Conditions in Insurance Contract as they Desire, which, if Unambiguous, will be Given Effect. —Parties to insurance contract may put such conditions and limitations as they desire in their contract, and, when these are clear

and unambiguous, court must give them effect according to their meaning and intention.

JOHN ROSE for appellant.

BLAKEY, DAVIS & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In this action upon an accident insurance policy in a fraternal benefit society a directed verdict was returned in favor of the defendant and plaintiff appeals.

The facts are: Plaintiff, a traveling salesman living in Louisville, desired to call on some customers at Bardstown. He procured a four door (Ford) sedan from a "drive-it-yourself" station and had his brother-in-law to act as chauffeur, he and his wife riding on the rear seat. The road traveled was under reconstruction for several miles and in detouring they passed over some very rough places. He claims to have been thrown to the side of the car several times; that his leg struck the handle of the door or the handle that raised the window glass and that on the rebound the calf of his leg struck the seat causing him some pain. However, they continued on their journey, arriving at Bardstown before twelve o'clock.  Upon getting out of the car he was rather stiff, but ate his dinner, saw his customers and returned home that afternoon. His leg was sore and stiff, but he did not observe any abrasion or injury to it or apply anything to it, in fact did not notice it. This was on the 30th of May. On the following day, while experiencing some discomfort, he went about his business and continued to do so until the third of June, when he was taken to his bed and called in his family physician, Dr. Fitch. In giving a history of the case to Dr. Fitch he did not mention the Bardstown trip or any injury to his leg and Dr. Fitch treated him for rheumatism. The leg commenced swelling and about the 7th or 8th of June he noticed for the first time that it was discolored. Dr. Forsee was called in and had him removed to the infirmary, where an operation was performed on the 9th of June and another on the 15th of June. He was released from the hospital on the 14th of July and continued to walk on crutches until the last of December, when he was stricken with erysipelas and was confined for four weeks,

since which time he has recovered. His leg was injured at the same place when he was a child but he had not suffered with it for thirty years.

Dr. Fitch did not testify. Dr. Forsee testifies that at the time he was called to see plaintiff he was suffering from an infection of his thigh, the only external marks being swelling and discoloration; from his examination he was unable to say whether this discoloration was caused by a trauma or by inperfect circulation and congestion; that if he had previously received some violence to his leg this would account for his condition. He found scars on the thigh at the exact spot of this infection which he considered were the result of a previous infection; that an infection may lie dormant many years, and in this instance he could not tell how long it had existed, active or dormant. In reference to this matter he was asked: "Q. What did that indicate to your mind, doctor, as to the present infection? A. Well, all that of course is problematic. He might have had a bruise or injury to the thigh just a few days before I saw him which caused this infection to light up or it might have been the result of an infection he had years ago; I think that is something nobody can tell."

He further testifies that "the entrance of an infection may be at a point so small that you cannot see it with the naked eye," and in answer to the question, "Assuming that he did receive the injury, state whether or not that this injury resulted from the injury he received or from a prior injury thirty years ago?" A. "I think that it would be more probable that it occurred from the injury he received at the time he alleges."

The constitution and by-laws of the association are made a part of the policy and form the agreement between the parties. This provides that a member such as plaintiff is shown to be, who "shall through external, violent and accidental means receive bodily injuries which shall, independently of all other causes, immediately, continuously and wholly disable him from transacting any and every kind of business pertaining to his occupation . . . shall be paid, &c., . . . . "
Article 11, section 3.

Article 13, section 1, provides:

"This association shall not be liable in case of injuries, fatal or otherwise . . . or injuries of

which there are no visible marks upon the body (the body itself not being deemed such a mark in case of death) . . . or injury, fatal or otherwise, resulting from any poison or infection (unless the infection is introduced into, by and through an open wound, which open wound must be caused by external, violent and accidental means, and be visible to the naked eye), nor shall the association be liable in any case where the injury or death is not caused by external, violent and accidental means independently of all other causes, and is not the sole cause of the death, or disability, and does not immediately, continuously and wholly disable the member from transacting any and every kind of business pertaining to his occupation."

(1) If the facts are as claimed by plaintiff, are his injuries the "result of accidental means?" In referring to the latter words we have said: "It may be treated as established by the great weight of authority that an injury is not produced by accidental means within the terms of an accident insurance policy where it is the direct, though unexpected, result of an ordinary act in which the insurer intentionally engages." Salinger v. Fidelity & Casualty Co. of New York, 178 Ky. 369. The rough part of the road over which plaintiff traveled extended for several miles, but it does not appear that there was any breakdown, collision or mishap to the car or any untoward event other than would naturally occur in traveling over the character of road indicated. No particular place or time is assigned for the accident, and there was no abrasion, laceration, nor bruise apparent nor any external visible marks to indicate an injury, for more than a week thereafter, and it is highly probable that he did not receive an accidental injury at the time within the meaning of the policy, but that his discomfort on the trip resulted from the shaking and jolting incident to riding over the road in question. However, without deciding the question for the purpose of this case, we may assume that there was a triable issue on this question.

(2) Under article 13, section 1 of the constitution quoted *supra*, the association is not liable in any case where the injury is not caused by "accidental means, independently of all other causes, and is not the sole cause of the . . . disability."

It will be observed from the testimony of Dr. Forsee, the only physician testifying, that plaintiff's injuries might have resulted from either of two causes, and while he states it is more probable that it occurred from the injury received at the time he alleges, he nowhere expresses a professional opinion that it was caused in this way independently of the previous injuries, but, on the contrary, states that the cause of the infection was problematic; "He might have had a bruise or injury to the thigh just a few days before I saw him which caused this infection to light up or it might have been the result of an infection he had years ago; I think that is something nobody can tell."

It thus appears that there was no evidence upon this issue authorizing a verdict in favor of the plaintiff. At most it is speculative, and it is well settled that a jury is not permitted to speculate upon their verdict.

(3)   The injury in this case is the result of infection and there is testimony that infection may be introduced through an entrance so small as not to be visible to the naked eye, and such entrance would possibly exist in case of a bruise or traumatic injury. It is unusual for such an injury not to manifest itself for over a week, but if it was developed in this way there was no open wound visible to the naked eye, and it still would not be compensable under the provisions of the constitution quote *supra,* which clearly provide that the association shall not be liable in a case resulting from infection "unless the infection is introduced into, by and through an open wound, which open wound must be caused by violent and external means and be visible to the naked eye."

The parties had a right to place in their contract such conditions and limitations as they desired, and when these are clear and unambiguous the court must give them effect according to their meaning and intention. It results that under the facts stated no recovery can be had and the court properly instructed the jury to find for the defendant.

Wherefore, perceiving no error, the judgment is affirmed.