FLOOD *v.* ORDER OF UNITED COMMERCIAL TRAVELERS
OF AMERICA.

Insurance—Accident Policy—Lobar Pneumonia—Open Wound.
Recovery for death of insured from lobar pneumonia a few days
after exposure following an automobile accident *held*, properly
denied as a matter of law where policy covered death from
infectious disease only where same was received through an
open wound caused by accidental means and insured had re-
ceived no open wound at accident.

Appeal from Washtenaw; Sample (George W.),
J. Submitted June 2, 1936. (Docket No. 5, Cal-
endar No. 38,961.) Decided September 2, 1936.

Assumpsit by Bertha Flood against Order of
United Commercial Travelers of America, an Ohio
corporation, on an insurance policy. Directed ver-
dict and judgment for defendant. Plaintiff ap-
peals. Affirmed.

*Payne, Mellott & Pack* and *Edward F. Conlin,* for
plaintiff.

*Burke & Burke* (*Joseph Zwerdling,* of counsel),
for defendant.

Wiest, J. Under an insurance policy on the life
of her husband, plaintiff was beneficiary. The pol-
icy—"indemnified * * * against the results of bodily
injury * * * effected through external, violent and
accidental means, * * * which shall be occasioned
by the said accident alone and independent of all
other causes," but indemnification did not extend to
—"any infection (unless the infection is introduced

into, by and through an open wound, which open wound must be caused by external, violent and accidental means and be visible to the unaided eye).''

March 22, 1934, the insured was riding in an automobile which went into a ditch, and there overturned and he was thrown against the side of the car and another occupant of the car was thrown upon him. After the accident he helped push the car out of the ditch and while doing so slipped and fell into a puddle of water. Thereafter, and with wet feet, he proceeded in the automobile to Toledo, attended a lodge meeting there and returned to his home in Ann Arbor late at night. The weather was cold and in a few days he died, it is claimed, from traumatic lobar pneumonia.

The court directed a verdict in favor of defendant stating, in substance, that the fair interpretation of the testimony showed that the insured died with pneumonia, which is an infectious disease, and— ''there is not liability under this policy in infectious diseases, unless the infection has been introduced through an open or visible wound, and that the testimony also showed in this case that there were no open and visible wounds.'' Plaintiff prosecutes review by appeal.

Pneumonia needs no accident; it is an infectious disease; it may follow traumatic injury but, under the policy, even though it so followed, there was no liability unless the infection was introduced by and through an open wound, visible to the unaided eye. There was no such wound and the usual symptoms, accompanying lobar pneumonia, could not supply the showing required by the policy.

Also, under the policy, there was no liability unless the pneumonia was traumatic in origin and independent of all other causes.

Assuming that an accidental bodily injury may, independent of all other causes, result in lobar pneumonia, and so be properly termed traumatic lobar pneumonia, we turn to the case at bar and find no evidence of a bodily injury, but do find evidence of a cause for lobar pneumonia independent of any bodily injury. The case would be outside of the policy if we found an accidental bodily injury, coupled with exposure, resulting in lobar pneumonia.

The judgment is affirmed, with costs to defendant.

North, C. J., and Fead, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., did not sit.