# Staunton

## Roy C. Crowder v. General Accident, Fire & Life Assurance Corporation, Ltd.

September 9, 1942.

Record No. 2530.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Eggleston, JJ.

The opinion states the case.

*George W. Chaney,* for the plaintiff in error.

*Fred B. Gentry* and *Harvey B. Apperson,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

This is an action at law brought by Roy C. Crowder, hereinafter called the plaintiff, against General Accident, Fire & Life Assurance Corporation, Ltd., hereinafter called the Insurance Company, to recover disability benefits and hospital expenses claimed to be due under an accident and health insurance policy issued on June 21, 1940, the pertinent provisions of which are as follows:

"This policy insures against—(a) loss resulting solely from BODILY INJURIES effected, during the life of this policy, directly and independently of all other causes by External, Violent and Accidental Means (Suicide, sane or insane, or any attempt thereat, sane or insane, is not covered), said bodily injuries so sustained being hereinafter referred to as 'such injuries,' * * *.

    *       *       *       *       *       *

"Section A.  If 'such injuries' shall not result in any one of the losses specified in Part 2*, but shall, independently and exclusively of all other causes, wholly and continuously disable and prevent the Insured within fourteen (14) days from date of accident from performing any and every kind of duty pertaining to his occupation, the Corporation will pay, for the period of such total disability but not exceeding five (5) consecutive years, Monthly Indemnity at the rate specified in Part 1."

There was a provision for the payment of hospital expenses which need not be set out in detail.

On October 2, 1940, the plaintiff, while engaged with other workmen in loading a heavy piece of machinery, slipped and struck his hip.  Although suffering severe pain at the time, he continued his work on that and the succeeding days until he went to the hospital on October 10, where he subsequently underwent an operation.  Having been incapacitated for a number of weeks, he filed a claim against the Insurance Company for disability benefits and hospital expenses under the policy.  The Insurance Company did not deny the fact that the plaintiff had suffered an accident and had sustained the losses claimed, but contended that it was

*Providing for the payment of specific losses not here involved.

not liable for the claim because, it said, the plaintiff's injuries did not result "solely from bodily injuries", effected during the life of the policy, "directly and independently of all other causes by external, violent and accidental means", as therein specified. Specifically, its contention was that the plaintiff's disability was due partially, if not entirely, to an accident which he had sustained in October, 1939, before the policy was written. Thereupon the present suit was brought.

At the trial, after all of the evidence had been introduced, the lower court sustained the Insurance Company's contention that the plaintiff's loss was not covered by the terms of the policy, struck the plaintiff's evidence, and a verdict and judgment for the defendant Insurance Company necessarily followed.

The first contention of the plaintiff is, that whether his disabilities were due solely to the accident which he suffered after the policy had been written, or were due in part to the prior accdent, was a jury question.

██ Cases arising under accident policies of this nature are frequently complicated by the presence of disease or infirmity. There are a great number of reported cases on the subject. Deducible from the decisions is the fundamental proposition that, in the absence of a specific controlling provision, whether death or disability is within the scope of such a policy depends on whether the death or disability is the proximate result of the accident, on the one hand, or of the disease or infirmity, on the other, or of both classes of causes. 29 Am. Jur., Insurance, section 996, p. 748.

██ In *Penn* v. *Standard Life Ins. Co.*, 160 N. C. 399, 76 S. E. 262, 263, 42 L. R. A. (N. S.) 597 (dismissing petition for rehearing, 158 N. C. 29, 73 S. E. 99, 42 L. R. A. (N. S.) 593), the applicable principles are thus aptly summarized:

"(1) When an accident caused a diseased condition, which together with the accident resulted in the injury or death complained of, the accident alone is to be considered the cause of the injury or death.

"(2) When at the time of the accident the insured was suffering from some disease, but the disease had no causal connection with the injury or death resulting from the accident, the accident is to be considered as the sole cause.

"(3) When at the time of the accident there was an existing disease, which, co-operating with the accident, resulted in the injury or death, the accident cannot be considered as the sole cause or as the cause independent of all other causes."

See also, 5 Couch, Cyclopedia of Insurance Law, section 1142, p. 4013.

As illustrative of the first class of cases, in *Mutual Benefit Health, etc., Ass'n* v. *Ryder*, 166 Va. 446, 450-452, 185 S. E. 894, 896-897, we held that blood poisoning resulting from an accidental wound or abrasion is within the protection of this type of policy.

As illustrative of the third type of cases, we said in the same case (166 Va., at page 453, 185 S. E., at page 897): "On the other hand, if an accident co-operates with some pre-existing disease or bodily infirmity and produces results which but for them it would not have produced, there is no liability." This squarely covers the case at bar. See also, *Continental Cas. Co.* v. *Peltier*, 104 Va. 222, 51 S. E. 209.

The principles controlling here are thus stated in 29 Am. Jur., Insurance, section 996, p. 750: " * * * if the insured is afflicted with a disease or infirmity at the time an alleged accident occurs, which disease or infirmity proximately causes or substantially contributes to the death or injury resulting, such death or injury is not within the coverage of a policy which insures against death or bodily injury independently of all other causes by accident or accidental means, * * * ." See also, 131 A. L. R. 240, 251, note collecting numerous cases.

In the case before us the uncontradicted medical testimony is that when the plaintiff was examined shortly after being admitted to the hospital, in October, 1940, he was found to be incapacitated by reason of a deposit of calcium as large

as a lemon in the muscle between the hip and the crest of the pelvic bone. An operation was performed and the calcium deposit was removed. Dr. Trout, the plaintiffs' physician, testified that this deposit was caused by a hemorrhage due to an injury which must have occurred not less than three to six weeks prior to the date of the examination.

It developed that the plaintiff had suffered a prior sacro-iliac injury in October, 1939, before the policy was written. It was Dr. Trout's considered opinion that the calcium deposit which caused the plaintiff's disability in October, 1940, was due to the injury which he had sustained in October, 1939, and that the later accident had merely accentuated or aggravated the pre-existing condition. Indeed, Dr. Trout testified specifically that the later accident "did not cause Mr. Crowder's present disability independently and exclusively of all other causes."

With this uncontradicted evidence before it we think the trial court correctly held, in the light of the principles which we have stated, that the plaintiff's disability was not covered under the policy. In the absence of conflicting evidence there was no question to be submitted to the jury and consequently there was no error in striking the plaintiff's evidence.

The plaintiff's next contention is that the Insurance Company is estopped to assert the defense of lack of coverage because the written application upon which the policy was issued disclosed his prior sacro-iliac injury. In other words, it is argued that the Insurance Company insured the plaintiff against this risk because it knew that he had been previously injured.

We cannot agree with this contention. No question of estoppel is here involved. On the contrary, we are concerned with the interpretation of a contract of coverage. Mere knowledge by an insurance company of an applicant's disease or infirmity does not make it liable for the consequences thereof where the policy plainly stipulates to the contrary. As we said in *Mutual Benefit Health, etc., Ass'n* v. *Ryder, supra* (166 Va., at page 455, 185 S. E., at

page 898): "Of course, insurers in plain language may limit or extend coverage at their election."

While the Insurance Company here knew of the plaintiff's prior accident and injury, the contract which it made with him plainly excluded the coverage of any risk of disability flowing from it. The policy insures against "loss resulting solely from BODILY INJURIES effected, during the life of this policy, directly and independently of all other causes by External, Violent and Accidental Means". The purpose of this language, as we have seen, is to exclude coverage where an accident co-operates with a pre-existing disease or bodily infirmity to produce disability.

Doubtless the plaintiff could have procured a policy of insurance which would have compensated him for loss which he might have sustained had his prior infirmity been aggravated by a subsequent accident. But the coverage under the present contract does not extend this far.

In our opinion the judgment is plainly right and accordingly it is

*Affirmed.*