**JOHN HANCOCK MUTUAL LIFE IN-
SURANCE COMPANY OF BOSTON,
MASSACHUSETTS, Appellant,**

v.

**Jeanne D. CRACK, Appellee.**

No. 6854.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 18, 1954.

Decided Nov. 8, 1954.

Armistead L. Boothe, Alexandria, Va.
(Boothe, Dudley, Koontz & Boothe, Alex-
andria, Va., and Drury, Lynham &
Powell, Washington, D. C., on the brief),
for appellant.

Raymond F. Belew, Arlington, Va. (L.
Lee Bean, Arlington, Va., on the brief),
for appellee.

Before PARKER, Chief Judge, and
SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for
plaintiff on the double indemnity feature
of a life insurance policy which pro-
vided:

"Benefit: The Company hereby
agrees * * * to pay * * * to
the beneficiary * * * Additional
Benefit of Five Thousand Dollars
upon receipt * * * of due proof
* * * showing that (1) the In-
sured's death was caused directly,
independently and exclusively of all
other causes, by a bodily injury sus-
tained solely by external, violent,
and accidental means or, if death
resulted from a disease caused by
such a bodily injury, that such dis-
ease was the sole, direct and im-
mediate result of such injury and
had its inception within thirty days
from the date on which such bodily
injury was sustained as aforesaid,
* * *.

"Exceptions and Exclusions: No
such Additional Benefit will be pay-
able * * * if death results, di-
rectly or indirectly, wholly or par-
tially, (1) from any bodily * * *
disease or infirmity, * * *"

The facts are that the insured, while
walking along a pier on the waterfront
in Washington, D. C. accidentally
stumped his toe on the planking and fell
over the side of the pier into the Po-
tomac River and was drowned. He
swam for about 40 feet after falling into
the river, but away from the pier, and
then sank and was seen no more until
his dead body was later recovered. A
post mortem examination showed that
death was due to drowning, but it also
showed a diseased condition of the heart
and arteries and gave indication that
the insured had suffered a coronary at-
tack. The case was heard by the judge
below without a jury and he found for
plaintiff on the ground that the cause of
death was drowning as a result of the
accidental falling into the river and that

insured's heart condition was a mere condition and not a contributing cause of his death. As to this the judge said:

"* * * the fall into the water 'independently and exclusively' caused Clarence Crack's death—his death did not result 'wholly or partially from any bodily * * * disease or infirmity'. His heart disease was not a cause but a remote condition. * * * Admittedly accidental, decedent's headlong pitch in the darkness into a sudden and desperate battle for his life against frigid waters of channel depth, while weighted down with heavy winter clothing, was so predominantly and overwhelmingly the cause of his death as to render his heart ailment a mere circumstance. The fall was in and of itself sufficient to account for his death. Moreover, that there was any other factor contributory to it is at best a deduced possibility. Surely, it cannot be said that the trier of the facts, judge or jury, would not have ample evidence here to find that the fall was alone the cause of death."

██ Appellant argues that a coronary attack following the fall into the water rendered the insured incapable of swimming and that this contributed to his death. The trial judge, however, found that this was a mere possibility and that the cause of death was drowning caused by the accidental plunge into the water. There is nothing in the record which would justify us in disturbing this finding. Even if insured suffered a coronary attack which prevented his swimming, it is clear that he died, not of the heart attack, but of drowning; and the heart condition resulting in the inability to swim would no more bar recovery than would any other condition resulting in such disability. If, for example, insured had been suffering from partial paralysis so that he was unable to swim and had accidentally fallen into water and been drowned, no one, we think, would contend that the paralysis was the cause of death, so as to remove it from the coverage of the policy. The paralysis there would be a mere condition, not the cause of death, and the same is true of the heart condition here even if it resulted in inability to swim; but, as stated, the judge found this a mere possibility and, as there is no basis for disturbing this finding there is no occasion to go into the matter further. The Virginia law on the subject of death by accidental means is well set forth in Ocean Accident & Guarantee Corp. v. Glover, 165 Va. 283, 182 S.E. 221; Crowder v. General Accident, Fire & Life Assur. Corp., 180 Va. 117, 21 S.E. 2d 772; and Newsoms v. Commercial Casualty Ins. Co., 147 Va. 471, 137 S.E. 456, 52 A.L.R. 363. See also American National Ins. Co. v. Belch, 4 Cir., 100 F.2d 48.

Affirmed.