POSEY, APPELLANT, *v.* OLD EQUITY LIFE INSURANCE CO., APPELLEE.

496

*Messrs. Sebastian, Fais & Durst*, for appellant.
*Messrs. Lane, Huggard & Alton*, for appellee.

Duffey, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County, Ohio. Appellant brought an action to recover on a health and accident insurance policy. She alleged that she has been totally disabled since September 5, 1956, by an accident within the policy coverage. The case was tried to the court and judgment rendered for defendant-appellee.

Appellant was an employee of the United States government engaged in office work. She had a good work record for many years with no significant loss of time due to illness or disability. She was a large woman weighing more than 210 pounds. On the morning of September 5, 1956, she was performing her usual duties seated in a swivel armchair at her desk. The pedestal of the chair broke, and the seat dropped about 10 to 12 inches. Mrs. Posey did not fall out of the chair, but her legs were projected under the desk, and the upper part of her body was thrown forward. She struck the right side of her head upon a stapler on the desk, dislodging but not breaking her glasses. Her arm "scraped" along the side of a cabinet. She testified to a sharp pain in her upper back.

Most of the evidence consists of the testimony of four doctors, two for each side. While there are some differences, basic agreement exists that she is suffering from a number of physical conditions which antedate the accident. These include a long-standing general arthritis which, while serious, apparently had not previously interfered with her ability to work. She also had a pre-existing scoliosis of the spine due apparently to the arthritis and the overweight. Her own doctors also felt that she had a pre-existing spinal cord lesion, hypothyroidism, anemia and several other conditions. There are no findings of fact and conclusions of law. However, in its opinion, the trial court found that she has been totally disabled since the accident.

It seems clear on the evidence that in the absence of the pre-

existing bodily ills the mere accident itself would not have caused total disability. However, appellant's doctors testified that these pre-existing conditions were "dormant" and that the accident "triggered" them into an active state, with the result that she is now totally disabled. Under appellant's view, the accident accelerated their effect upon her, and it should be considered the sole cause of disability. Appellee contends that even assuming the diseases were "triggered," they are a contributing cause of disability, and under the policy provisions there is no liability.

Since this is an insurance case, we are not concerned with any question of fault or negligence. The concepts of tort law are of only limited application. An insurer may limit the risk it assumes. The case, therefore, depends on the interpretation and application of the policy provisions. The pertinent provisions state:

"This insurance covers only accidental death, and losses resulting from accidental bodily injuries which are sustained, independent of all other causes, solely through violent and external means while this policy is in force, and shall not cover death or losses resulting from any injuries sustained which are caused or contributed to, directly or indirectly, wholly or partly, by bodily or mental infirmity, bacterial infections, or any other kind of disease, * * *.

"* * *

"If such injury (except any of the specific losses described in Part A) shall wholly and continuously disable the Insured, for one day or more and require regular visits by a legally qualified physician or surgeon other than himself, the Company will pay, commencing with the first such visit, benefits at the rate of the regular monthly benefit so long as the Insured lives; provided said injury causes total disability and necessitates total loss of time, and prevents the Insured from performing each and every duty pertaining to any business or occupation."

The pre-existing physical ills are an actual cause, or a cause in fact, of the disability, i. e., "but for" them there would be no disability now. Further, the physical ills cannot be considered to be legally "remote" from the result of disability. Assuming, as the trial court did, that the accident "triggered" or "accelerated" their effect, the accident and these ills are each a

substantial cause of Mrs. Posey's disability and they combined or concurred to produce the result.

Since the accident is an event within the policy, the question is narrowed to whether the terms of the contract exclude liability under these facts. A helpful discussion of the general problem can be found in Brewer, Concurrent Causation In Insurance Contracts, 59 Mich. Law Review (Book 2, 1961), 1141. The trial court opinion concludes that liability was excluded. In this opinion the court quoted from *Crowder* v. *General Accident, Fire & Life Assur. Corp., Ltd.*, 180 Va., 117, 21 S. E. (2d), 772. In that case the court analyzed the law as to policies of this type and attempted to summarize it as follows:

" '(1) When an accident caused a diseased condition, which together with the accident resulted in the injury or death complained of, the accident alone is to be considered the cause of the injury or death.

" '(2) When at the time of the accident the insured was suffering from some disease, but the disease had no causal connection with the injury or death resulting from the accident, the accident is to be considered as the sole cause.

" '(3) When at the time of the accident there was an existing disease, which, cooperating with the accident, resulted in the injury or death, the accident cannot be considered as the sole cause or as the cause independent of all other causes.' "

The trial court placed the present case in the third category.

An examination of the authorities indicates that the neat categories in *Crowder* are only broadly accurate. Quite a number of cases cannot be reconciled with the suggested first and third categories. A general review of the problem can be found in 29A American Jurisprudence, 349 *et seq.*, Insurance, Section 1211 *et seq.* (1960). There are a number of relevant A. L. R. annotations. One particularly pertinent here is that in 82 A. L. R. (2d), 611 (1962). Many cases are cited there which state and apply the rule suggested by the third category in *Crowder*. However, there are also a substantial number of cases which have determined that a particular pre-existing disease or bodily infirmity should be considered as a "condition" and not as a "cause." When the pre-existing disease is so classified, the accident becomes the "sole cause, independent of all other causes." The briefs of counsel make no attempt to reconcile

these lines of cases. The author of the A. L. R. annotation quite frankly states that there is so little in the way of firm general principles upon which to predict the outcome of accident policy cases of this type that he did not try to organize the annotation from the standpoint of any "general rules." Instead, the cases in the annotation are grouped according to results.

The very fact that no clear principles have developed after much litigation for many years seems to point rather forcibly to the conclusion that the problem under this type of policy provision is not simply one of interpretation and application of the policy. In the field of insurance law, an important factor may be public policy, especially here from the viewpoint of the reasonable expectation of the purchaser of an accident policy. The policy provision here, if literally interpreted, would produce a result so strict in its exclusion of liability as to be quite contrary to the reasonable expectation of the average buyer. An interesting example of the treatment of such policy provisions is the recent case of *Landis* v. *The Pioneer Mutual Casualty Co.* (1961), 116 Ohio App., 309. The policy there had a provision substantially identical to the present one. The insured fell and cut his head. Considerable medical care was needed to treat the resulting hematoma. The insurer attempted to show that the insured had a "congenital clotting condition." It contended that there was no liability under the policy for that medical care. In its opinion the court rejected that position on the facts. However, the opinion also states in dictum that even assuming the physical condition existed it could not be considered an independent cause which would affect the liability of the defendant under the contract "after premiums have been paid and accepted without regard for any pre-existing phyiscal imperfections." Perhaps the court was distinguishing between a general bodily weakness and a bodily infirmity or disease. However, the quoted statement does not appear particularly responsive to the insurer's argument nor to the terms of the policy. It does appear to reflect the court's view of the reasonable expectation of the buyer.

In the instant case, we believe the facts are such that Mrs. Posey's physical ills must be considered a contributing cause and not a pre-existing "condition" outside the reasonable expectation of the average buyer. Since the policy excludes li-

ability where disease is a substantial concurrent cause of disability, there is no liability for the disability that Mrs. Posey is now suffering.

However, the defendant-appellee's doctors agreed that Mrs. Posey did suffer some disability for a period of time due to the muscular trauma resulting from the accident. Dr. Smith stated "10 to 14 days, three weeks, certainly, at the most, I couldn't see it [the accident] producing symptoms more than a month or so." Dr. Leach stated a few weeks. We think it clear that Mrs. Posey was entitled to recover something, even if only for a few days. The trial court apparently overlooked this point in granting judgment for the defendant. To that extent, we find the judgment against the manifest weight of the evidence. The court made no finding on the length of disability which may be attributed to the accident alone and without regard to the pre-existing diseases. This court cannot make such a determination, and the case must be remanded for that reason.

Appellant also complains that certain evidence was excluded. We agree with the trial judge that it fell within offers of settlement and was inadmissible. We have examined the other assignments and find no prejudicial error.

The judgment of the Common Pleas Court is reversed and the cause remanded for further proceedings.

*Judgment reversed.*

DUFFY, P. J., and BRYANT, J., concur.