## Richmond

PILOT LIFE INSURANCE COMPANY v. LARRY K. CROSSWHITE,
AN INFANT, ETC.

November 29, 1965.

Record No. 6054.

Present, All the Justices.

*William H. Woodward* (*Jones, Woodward, Miles & Greiner*, on brief), for the plaintiff in error.

*James E. Nunley*, for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This action was instituted by plaintiff, Larry Crosswhite, an infant, by his father and next friend, against defendant, Pilot Life Insurance Company, to recover medical expenses under a "scholastic accident insurance policy." Trial by jury was waived and the case was submitted to the trial judge, upon an agreed stipulation of facts, who entered judgment for the plaintiff in the amount of $1,233.15, and defendant is here on a writ of error.

Defendant contends that since the expenses incurred by the plaintiff were for the treatment of an infection which did not occur through an open visible wound resulting from an accident, they were not covered under the provisions of the exclusion clause in the policy.

The stipulation of facts shows that on July 25, 1962, defendant issued a scholastic accident insurance policy to the Superintendent, Bristol, Virginia, Public Schools, insuring school children under his supervision against accidental death or bodily injuries sustained while attending school, or engaged in activities closely related to school attendance.

A clear and concise summary of the plan of insurance and coverage was furnished plaintiff and his parents, and upon application and payment of the premium of $2.50 plaintiff was insured under the master policy for the period from September 1, 1962, to September 1, 1963.

On or about March 15, 1963, plaintiff, while playing basketball in a physical education class, fell on the floor of the Virginia Junior High School gymnasium. No abrasion or open wound resulted from the fall. Later in the same day plaintiff developed a fever, and on March 18, 1963, he was admitted to a hospital suffering from pain in his left knee and fever.

An X-ray examination of plaintiff's knee was negative, but a physical examination revealed a tenderness to touch. While in the hospital he developed a pain in his chest. He was discharged from the hospital on March 27, with a diagnosis of virus infection.

Subsequently plaintiff visited his physician's office at monthly intervals during which time the only finding was a slight swelling of the left knee.

In August, 1963, when plaintiff began playing football, he experienced pain in his knee. X-rays taken at this time showed a Brodie's abscess (an infection) in the lower portion of the left femur

near the knee. On September 23, 1963, he was readmitted to the hospital and the abscess was opened and removed by curettement. He remained in the hospital until October 11, 1963, and was last seen by his doctor on December 5, 1963, at which time he appeared to have completely recovered.

It was the opinion of plaintiff's physician, an orthopedic surgeon, that the trauma resulting from plaintiff's fall "caused the infection to develop into the Brodie's abscess."

The amount of medical expenses incurred by the plaintiff, or on his behalf, is not in dispute.

The contract sued on contains the following relevant provisions: "THIS IS A LIMITED POLICY—READ IT CAREFULLY.

"THIS POLICY IS NOT RENEWABLE. IT PROVIDES BENEFITS FOR LOSS OF LIFE, LIMBS OR SIGHT CAUSED BY ACCIDENTAL BODILY INJURY, AND FOR MEDICAL EXPENSES INCURRED DUE TO ACCIDENTAL BODILY INJURY, TO THE EXTENT HEREIN LIMITED AND PROVIDED."

The "INSURING AGREEMENTS" provide in part:

"If any person, as a result, directly and independently of all other causes, of bodily injuries caused by an accident occurring while insured hereunder and while

(1) attending school during the hours and on the days when school is in session;

\*     \*     \*     \*     \*

(which injuries are herein called 'such injuries') shall suffer loss of life, hands, feet or sight within ninety days following the date of the accident causing such injuries or shall actually be examined in person and treated by a physician or dentist within thirty days following the date of such accident and shall incur expenses for such treatment or for hospital confinement, professional ambulance service or the services of a Registered Nurse within twelve months following the date of such accident, Pilot Life shall pay, subject to the terms and conditions of this Policy, the benefits hereinafter provided."

An "EXCLUSIONS" clause provides, among other things, that:

"No payment of any kind shall be made for *injuries, death, or any other loss caused, wholly or partly, directly or indirectly, by*

\*     \*     \*     \*     \*

(4)     \* \* \**infections, other than infections occurring through*

*an open visible wound resulting from 'such injuries'; \* \* \*"* (Emphasis added.)

Defendant argues that the terms and provisions of the policy are clear and unambiguous and since the Brodie's abscess did not develop as a result of infection from an open visible wound there was no coverage under the policy for plaintiff's expenses. Thus the sole question presented is that of coverage, which must be determined by a construction of the contract of insurance.

■ Contracts of insurance are to be liberally construed in favor of the insured, but if they are plain and clear and not in violation of law or inconsistent with public policy, we are bound to adhere to their terms. It is the function of the court to construe the language of the contract as written, and the court cannot make a new contract for the parties different from that plainly intended and thus create a liability not assumed by the insurer. *Welborn* v. *Wyatt*, 175 Va. 163, 166, 7 S. E. 2d 99, 100; *Sterling Ins. Co.* v. *Dansey*, 195 Va. 933, 939, 81 S. E. 2d 446, 450; *Harleysville Mutual Insurance Co.* v. *Dollins*, 201 Va. 73, 77, 109 S.E. 2d 405, 409. See also Anno: Student Accident Policy—Coverage, 74 A. L. R. 2d 1253, 1258.

■ It has been generally held that when an accident insurance policy excludes payment for loss caused, wholly or partly, directly or indirectly, by infections, except infections occurring through an open visible wound resulting from bodily injuries, no liability arises in case of an infection resulting from a bruise or traumatic injury if there was no open visible wound. *Order of United Commercial Travelers* v. *Edwards* (10th Cir.), 51 F. 2d 187, 189; *Bahre* v. *Travelers' Protective Ass'n of America*, 211 Ky. 435, 277 S. W. 467, 469; *Flood* v. *Order of United Commercial Travelers of America*, 276 Mich. 648, 268 N. W. 767; *Fidelity & Casualty Co.* v. *Thompson* (8th Cir.), 154 F. 484, 486, 487, 11 L. R. A., N. S., 1069, 12 Ann. Cas. 181; 45 C. J. S., Insurance, § 755, p. 785; Appleman, Insurance Law and Practice, 1A, § 395, p. 61; 10 Couch on Insurance, 2d, § 41:777, p. 619.

The applicable language of the contract in the present case is plain and unambiguous. It insures against hospital, medical and doctors expenses incurred as a result, directly and independently of other causes, of bodily injuries caused by an accident occurring while the insured is attending school or engaged in activities closely related to school attendance. But it expressly excludes *payment of any kind*

*for loss caused wholly or partly, directly or indirectly, by infections, except infections occurring through an open visible wound,* resulting from bodily injuries connected with school attendance.

Under the agreed statement of facts, the plaintiff's fall on the school gymnasium floor did not cause an abrasion or open visible wound. The trauma resulting from his fall "caused the infection to develop into the Brodie's abscess," but there is no claim that septic matter entered the plaintiff's body through an open visible wound. Hence the expenses incurred in treatment of the infection, which did not have its inception through an open visible wound, were expressly excluded from coverage under the policy sued on.

Notwithstanding the plain language of the contract and the agreed statement of facts, the plaintiff argues that he is entitled to recover because the trauma to the knee was the proximate cause of the loss and the infection was merely a link in the chain of causation. He cites *Mutual Benefit Health Ass'n* v. *Ryder,* 166 Va. 446, 185 S. E. 894; and *Crowder* v. *General Acci., Etc., Corp.,* 180 Va. 117, 21 S. E. 2d 772, in support of his argument.

The *Ryder* case is clearly distinguishable from the present case. There blood poisoning resulted from an accidental open wound, and we affirmed a recovery under the terms of a health and accident policy on the ground that the infection was not the proximate cause of the death, but merely a link in the chain of causation.

In the *Crowder* case, recovery was denied under the contract on the ground that at the time insured fell, injuring his hip, he was found to be incapacitated by reason of a former injury, and the latter injury had merely aggravated the preexisting condition.

Plaintiff's contention that his fall was the proximate cause of the loss and the infection was merely a link in the chain of causation has no application here. The doctrine of proximate cause was eliminated by the very terms of the contract itself excluding payment for infections, except infections occurring from an open visible wound resulting from accidental bodily injury. We have no alternative but to enforce the clear and unambiguous terms of the contract as written.

For the reasons stated, the judgment of the court below is set aside and reversed, and final judgment is here entered for the defendant.

*Reversed and final judgment.*