# Richmond

## ANN S. TANNER v. THE LIFE INSURANCE COMPANY OF VIRGINIA

September 2, 1976.

Record No. 751194.

Present, All the Justices.

*J. Michael Gamble* (*Donald G. Pendleton; Pendleton, Janow & Gamble*, on brief), for plaintiff in error.

*S. James Thompson, Jr.* (*Theodore J. Craddock; Caskie, Frost, Hobbs & Hamblen*, on brief), for defendant in error.

I'ANSON, C. J., delivered the opinion of the court.

Plaintiff, Ann S. Tanner, brought this action against The Life Insurance Company of Virginia alleging that it was liable to her as beneficiary under the accidental death provisions of a life insurance policy issued to her husband, Richard Tanner (decedent or Tanner).[1] After trial by the court sitting without a jury, the trial judge, in a memorandum opinion, found that decedent's death did not result solely from violent, external, and accidental means exclusive of all other causes, but that death did result at least indirectly and partially from a pre-existing disease.

Plaintiff is here on a writ of error limited to the question whether decedent's death was caused "solely by violent, external and accidental means," within the meaning of the policy.

1. The company had paid plaintiff the face amount of the policy.

Section 6, part B, of the insurance policy, as relevant here, provides:

". . . [If] any employee, while insured hereunder for accidental death . . . shall have sustained bodily injuries solely through violent, external and accidental means and . . . shall have suffered [death] . . . as a direct result of such bodily injuries independently and exclusively of all other causes, the company will pay . . . the amount of insurance specified for such loss . . . provided, however, that in no case shall any payment . . . be made for death . . . resulting directly or indirectly, wholly or partially from;

\* \* \* \* \*

"(2.) Bodily or mental infirmity, ptomaines, bacterial infections . . . or disease of any kind. . . ."

Richard Tanner was employed as a physical education teacher at Lynchburg Training School and Hospital. During the course of a school dance which Tanner was chaperoning, a patient created a disturbance by throwing chairs and other objects. Tanner and another employee wrestled with the patient and after a short time restrained him; however, decedent exerted great effort to hold the patient on the floor until he calmed down.

After this incident, Tanner and the patient went to Tanner's office to "talk about it." Minutes later, the patient ran out, calling for help. Decedent was discovered sitting at his desk with his head back and gasping for breath. Rushed to the hospital, Tanner was pronounced dead on arrival.

The medical evidence shows that decedent died from a coronary occlusion brought on by the pre-existing disease of arteriosclerosis. Tanner's physician was of the opinion that if decedent had not had a diseased condition of the heart or arteries, the physical exertion alone would not have caused his death. There was no evidence of external bruises or physical injury.

Plaintiff contends that decedent's death was accidental because it was not the natural and consequential result of the means which produced it. She relies upon *American National Ins. Co. v. Belch*, 100 F.2d 48 (4th Cir. 1938), *American National Ins. Co. v. Dozier*, 172 Va. 376, 2 S.E.2d 282 (1939), and *Ocean Acc. & Guar. Corp. v. Glover*, 165 Va. 283, 182 S.E. 221 (1935), which held that an occurrence is accidental if it arises unexpectedly and by chance, or if the result is unusual and not in the natural and probable consequence of things. Thus, plaintiff argues her husband's death was accidental be-

cause it could not have been expected from the sudden physical exertion.

Neither *Belch, Dozier* nor *Glover* dealt with an accident cooperating with a pre-existing disease or bodily infirmity to produce results which but for such prior disease or infirmity the accident would not have occurred. Therefore, the cases are distinguishable from the case at bar.

The principles set out in *Crowder* v. *General Acci., etc., Corp.*, 180 Va. 117, 21 S.E.2d 772 (1942) are controlling here. In *Crowder* the insured sustained accidental injury and sought disability benefits and hospital expenses under a policy which insured against death or disability resulting solely through external, violent, and accidental means and directly and independently of all other causes. The medical testimony showed the disability for which the insured claimed indemnity was due to a former injury and the later injury had merely accentuated or aggravated the pre-existing condition. In affirming the action of the trial court denying recovery, we quoted in part from *Mutual Benefit Health etc., Ass'n* v. *Ryder*, 166 Va. 446, 453, 185 S.E. 894, 897 (1936) as follows:

" ' . . ., [If] an accident co-operates with some pre-existing disease or bodily infirmity and produces results which but for them it would not have produced, there is no liability. . . .' " 180 Va. at 121, 21 S.E.2d at 774.

We also said in *Crowder*,

" 'The principles controlling here are thus stated in 29 Am. Jur., Insurance, section 996, p. 750:[2]

" ' * * * [I]f the insured is afflicted with a disease or infirmity at the time an alleged accident occurs, which disease or infirmity proximately causes or substantially contributes to the death or injury resulting, such death or injury is not within the coverage of a policy which insures against death or bodily injury independently of all other causes by accident or accidental means, * * *.' See also, 131 A.L.R. 240, 251, note collecting numerous cases." 180 Va. at 121, 21 S.E.2d at 774.

We reaffirmed the same principles in *Mutual Benefit, etc., Ass'n* v. *Hite*, 184 Va. 614, 625, 35 S.E.2d 743, 747 (1945). *See* Annot., 82 A.L.R.2d 611, 617-622 (1959).

---

2. Now, 44 Am. Jur. 2d, Insurance, § 1271 at 116.

In the present case, the trial court found that Tanner's sudden physical exertion co-operated with the pre-existing arteriosclerosis to cause his death, which would not have occurred from the physical exertion alone. Those findings of fact are supported by all the medical testimony. Since arteriosclerosis actively contributed to Tanner's death, the sudden physical exertion cannot be considered the sole cause of death or as a cause independent and exclusive of all other causes which would entitle plaintiff to recover under the terms of the insurance contract.

For the reasons stated, the judgment is

*Affirmed.*