369 S.E.2d 420 (1988)
Amanda T. MACAULAY
v.
HOME BENEFICIAL LIFE INSURANCE COMPANY.
Record No. 860019.
Supreme Court of Virginia.
June 10, 1988.
Lewis T. Booker (Hunton & Williams, Richmond, on brief), for appellant.
Henry M. Massie, Jr. (Sands, Anderson, Marks & Miller, Richmond, on brief), for appellee.
Present: CARRICO, C.J., POFF, COMPTON, THOMAS and WHITING, JJ.
WHITING, Justice.
We granted this appeal to decide whether a trial Court correctly sustained a defendant's motion for summary judgment denying a recovery under the accidental death provisions of a life insurance policy. Because the claimant has lost the case on a motion for summary judgment, we view the evidence in the light most favorable to her.
Amanda T. Macaulay sought to recover accidental death benefits under a life insurance policy issued by Home Beneficial Life Insurance Company (the insurance company) to her late husband, Angus H. Macaulay. That policy allowed such a recovery if Macauley's death occurred "as the direct result of accidental bodily injury [sustained within 90 days of death] and independently of all other causes."
On April 17, 1982, more than 90 days before he died, Macaulay fell down a flight of steps and was hospitalized, suffering from a frontal intracerebral hematoma. On March 14, 1983, he again entered a hospital after having a post-traumatic seizure. On May 21, 1983, Macaulay was injured in an automobile accident; he was treated and released from the hospital. Within 90 days of the automobile accident, on July 24, 1983, he was found unconscious in his home and was taken to the hospital, where he was pronounced dead.
*421 An autopsy, performed that day, indicated that the most likely cause of Macaulay's death was cardiac arrest, probably secondary to an arrythmia. Dr. Donald M. Switz, one of Macaulay's family physicians, in a death certificate filed that day, noted the cause of Macaulay's death as cardiac arrest due to ventricular fibrillation and coronary artery disease. On October 24, 1983, Dr. Switz filed an amended certificate of death indicating the cause of death was cardiac arrest due to a seizure disorder, which was caused by cerebral trauma resulting from the April 17, 1982 fall and the May 21, 1983 automobile accident.
Mrs. Macaulay contends that her answers to the requests for admissions created a jury issue as to her right of recovery by stating that "Mr. Macaulay's death is explainable as the direct result of the May 21, 1983, accident whether or not the cyst caused by his fall down the steps in 1982 had occurred." (Emphasis added.) This contention embraces only the first requirement for recovery under the policy, viz., that death occur "as the direct result of accidental bodily injury" occurring within 90 days of death, and it ignores the second requirement that the accidental death occur "independently of all other causes." There could be no recovery if Macaulay's death was an indirect result of his fall down the steps because it would not have occurred "independently" of his fall.
Our holdings in Tanner v. Life of Virginia, 217 Va. 218, 227 S.E.2d 693 (1976), and Crowder v. General Accident Fire & Life Assurance Corp., 180 Va. 117, 121, 21 S.E. 2d 772, 773 (1942), control the outcome of this case. In Tanner, the accidental death provisions of a life insurance policy authorized a recovery for accidental death if the death was "a direct result of such bodily injuries independently and exclusively of all other causes." 217 Va. at 219, 227 S.E.2d at 694. This language is essentially the same as the language of the accidental death provision in Macaulay's policy. The insured in Tanner suffered a fatal heart attack after he subdued a physically disruptive patient under his charge at a training school and hospital. The insured's physician testified, and the trial court found, that if the insured had not had a pre-existing condition of arteriosclerosis, his physical exertion would not have caused his death. We held that because the pre-existing arteriosclerosis actively contributed to the insured's death, his sudden physical exertion could not be considered a cause of death "independent and exclusive of all other causes," and we, thus, denied recovery under the terms of the insurance contract. Id. at 221, 227 S.E.2d at 695.
In Crowder, an insurance policy provided for disability benefits if the loss was caused "solely from BODILY INJURIES [and] directly and independently of all other causes." 180 Va. at 119, 21 S.E.2d at 773. In that case, we held that a trial court correctly struck a plaintiff's claim for disability benefits when her expert witness testified that the accidental injury disability "merely accentuated or aggravated the pre-existing condition." Id. at 122, 21 S.E. 2d at 774.
In response to requests for admission, Amanda Macaulay indicated that Dr. Switz was the only expert who would testify as to the cause of Macaulay's death and that his two letters to the Chief Medical Examiner reflected his medical opinion as to the cause of Macaulay's death. Thus, Mrs. Macaulay's response constituted an unqualified admission that Dr. Switz's opinion would be the evidence she relied upon to prove her case. Both parties recognize that resolution of this dispute depends upon the testimony of medical experts as to the cause of death.
In his letter to the Chief Medical Examiner dated November 8, 1983, Dr. Switz said:
My view of the sequence and causation for Angus is that he had trauma to the head following his fall and then developed a cyst in his right frontal lobe. He then spontaneously developed seizures in March 1983, which recurred in May 1983, at which time he had an auto accident. It seems reasonable to me that this auto accident, which may well have been associated with the hairline fracture of the right frontal lobe, exacerbated whatever *422 underlying state was causing his epileptic seizures.
In this case, the most that Dr. Switz could say was that the automobile accident "exacerbated" Macaulay's condition or, in the definition of Merriam-Webster, Inc., Webster's Third New International Dictionary, 790 (1961), caused the symptoms "to become more severe." Accordingly, Macaulay's death did not result from the automobile accident "independently" of all other causes.
Mrs. Macaulay also complains that when the trial court sustained the motion for summary judgment, it did not give her an opportunity to contest "a genuine issue as to a material factwhether the 1982 fall either proximately caused or substantially contributed to the death."
As we have pointed out, the only expert who was to testify for Mrs. Macaulay responded in a document attached to an answer to a request for admissions that the accident giving rise to the claim "exacerbated" the pre-existing condition. If death results from an accident that merely exacerbated a pre-existing condition, that pre-existing condition is at least a contributing cause of the death or, put another way, the death was not independent of all other causes.
We have consistently held that cases should not be disposed of by summary judgment unless "there is no material fact genuinely in dispute." See e.g., Shevel's, Inc. v. Southeastern Associates, Inc., 228 Va. 175, 181, 320 S.E.2d 339, 342 (1984). In our opinion, however, the admission of Mrs. Macaulay's expert witness makes it plain that there is no genuine dispute that Macaulay's pre-existing brain cyst resulting from his fall down the steps in April 1982 contributed to his death. Therefore, the trial court correctly sustained the insurance company's motion for summary judgment. Accordingly, we will affirm the action of the trial court.
Affirmed.
COMPTON, J., dissents.
CARRICO, C.J., joins in dissent.
COMPTON, Justice, dissenting.
Rule 3:18 provides, "Summary judgment shall not be entered if any material fact is genuinely in dispute." Nevertheless, the majority, in affirming entry of summary judgment, has determined from the "evidence" that the plaintiff may not proceed to trial because of a purported "admission" contained in pretrial documents.
I disagree. In my view, there is a genuine dispute upon a material factthe 1983 actual cause of death.
Responding to a request for admission, the plaintiff stated that the May 21, 1983 automobile accident was "the traumatic event which caused Mr. Macaulay's death, in the opinion of Dr. Switz." In addition, the plaintiff stated that "Mr. Macaulay's death is explainable as the direct result of the [automobile] accident whether or not the cyst caused by his fall down the stairs in 1982 had occurred." Thus, the plaintiff represented that her evidence would establish that "the" traumatic event causing death was the auto accident and that death was explainable as "the" direct result of that accident. Reasonably to be inferred from those representations is the conclusion that death occurred "as the direct result of accidental bodily injury and independently of all other causes," within the meaning of the insurance policy.
Contrary to the majority's position, there was no requirement for the plaintiff, at the pretrial stage of the case, affirmatively to negate any "indirect" or contributing cause of death, if any existed. An assertion of "the", and not "a", direct cause was sufficient.
Relying exclusively on another statement by Dr. Switz in the pretrial documents that the auto accident merely "exacerbated" the decedent's underlying condition, the majority has concluded there is no material fact genuinely in dispute. That information only indicates an inconsistency in the opinions of Switz and presents an evidentiary conflict. Questions of credibility of witnesses and conflicts in the evidence are within the province of the fact finder to be decided during a trial on the merits and not *423 when ruling on a motion for summary judgment. Therefore, I would reverse the judgment of the trial court and permit the case to proceed to trial.
CARRICO, C.J., joins in dissent.